JAMES ROBINSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

An information alleging that J. R. in Duval county, Florida, on September 11, 1899, "in and upon one O. B. with a certain deadly weapon, to-wit: a gun known as a musket, which he the said J. R. then and there held in his hands an assault did make, and him the said O. B. did then and there beat, bruise, wound and illtreat; he the said J. R. then and there having a premeditated design and intent then and there unlawfully to kill and murder him the said O. B., wherefore, by virtue of the statute in such cases made and provided, the said J. R. is deemed to have committed the crime of assault with

intent to murder, contrary," &c., does not charge an offence under section 2403 Revised Statutes.

Writ of Error to the Criminal Court of Record for Duval County.

The facts of the case are stated in the opinion of the court.

*Chas. B. Peeler* for Plaintiff in Error.

*William B. Lamar, Attorney General,* for the State.

PER CURIAM.

Plaintiff in error was tried in the Criminal Court of Record for Duval county in July, 1900, upon an information charging that he, in that county, on September 11, 1899, "in and upon one Oscar Blockson with a certain deadly weapon, to-wit: a gun known as a musket which he the said James Robinson then, and there held in his hands, an assault did make and him the said Oscar Blockson did then and there beat, bruise, wound and illtreat, he the said James Robinson then and there having a premeditated design and intent then and there unlawfully to kill and murder him, the said Oscar Blockson; wherefore, by virtue of the statute in such cases made and provided, the said James Robinson is deemed to have committed the crime of assault with intent to murder, contrary," &c. The jury rendered a verdict finding the accused guilty as charged in the information; and after overruling the motion of plaintiff in error in arrest of judgment, the court sentenced him to confinement in the State prison at

hard labor for a period of ten years.   From the sentence imposed this writ of error is taken.

It will be necessary to consider only the ruling denying the motion in arrest.   This motion was based upon the following grounds, among others, *viz*: that the information is insufficient in law, form and substance upon which to base a judgment, and that the information does not charge in sufficient language the offence of assault with intent to murder.   These grounds are well taken and the court erred in refusing the motion in arrest.   Hogan v. State, 42 Fla. 562, 28 South. Rep. 763.   See, also, Ruis *et al* v. State, 43 Fla. 188, 30 South. Rep. 802.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.