WILLIAM MITCHELL AND ANTHONY MIMS, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  Assignments of error not argued in this case are considered, under the settled rule of this court, abandoned.

2.  Neither brother nor sister is included among the domestic relations enumerated in the second division, section 2378, Revised Statutes as originally revised, in defence of whom life may be taken not merely when an actual necessity to kill to prevent a felony exists, but when there shall be reasonable ground to apprehend a design to commit a felony, or to do some great personal injury, and there shall be imminent danger of such design being accomplished.  Any person may take the life of another to prevent him from committing a known forcible felony on another, and a brother is not excluded from the right to slay to prevent such a felony upon his sister, but this right under the statute referred to rests upon the necessity to kill to prevent the felony.

3.  Proof of good character in a criminal prosecution does not as matter of law raise a reasonable doubt of guilt, but such testimony is to be considered by the jury like other evidence offered in the case.

4.  Where the witnesses offered by the State and the accused respectively are about equal in number, and apparent credibility, and those for the State are in direct conflict with those for the defence, the question of conflict is exclusively for the jury to settle.

Writ of Error to the Criminal Court of Record for Duval County.

The facts of the case are stated in the opinion of the court.

*Geo. U. Walker,* for Plaintiffs in Error.

*William B. Lamar,* Attorney-General, for Defendant in Error.

MABRY, J.

Plaintiffs in error were tried and convicted in the Criminal Court of Record for Duval county of the crime of manslaughter, upon an information filed against them

in that court charging them with the commission of that offence. They have sued out a writ of error to this court and have specified six assignments of· error, only two of which—the fourth and fifth—have been argued.

In submitting the two assignments argued counsel request the court to consider the first, second and third, but does not point out any particular in which there is error in these assignments. They are: 1st. The information is insufficient, vague and contradictory.

2nd. The court erred in the charges of its own motion in defining a reasonable doubt.

3rd. The court erred in failing to seal the charges given of its own motion.

The information was not objected to in the trial court in any way, and we can not say that it wholly fails to charge the offence of which the defendants were convicted.

None of the objections sought to be made by the three assignments were raised in the trial court, and should not be considered here; but as they are not argued, nothing further need be said in reference to them.

The fourth assignment of error imputes to the court error in refusing to give the seventh request on behalf of plaintiffs in error. This request sought to have the jury instructed that if they believed from the evidence the defendant Mitchell, at the time he fired the fatal shot that killed the deceased, the latter, from all indications present to the observations of said defendant, was in the act of striking at the sister of defendant with an open knife in an angry manner; and, further, that defendant had good reason to believe and did believe that his sister was then in imminent danger of being

killed or of receiving great bodily harm from deceased, then, as matter of law, the defendant had the right to use whatever means he had at command to prevent the infliction of such harm upon his sister, and if in doing so it was necessary to take the life of deceased, defendant would be justified in doing so, and the verdict should be not guilty. The avowed object of this request was to place defendant Mitchell in a position to avail himself of the defence of justifiable homicide embraced in the second head of the second division of section 2378 Revised Statutes, to the effect that a homicide is justifiable when committed not only in lawful defence of the person killing, but also in defence of his or her husband, wife, parent, child, master, mistress, or servant, when there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished.     Neither brother nor sister is included among the domestic relations enumerated in the statute in defence of whom life may be taken, not merely when an actual necessity to kill to prevent a felony, but when there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury and there shall be imminent danger of such design being accomplished, but we are earnestly requested to include them by construction. In the specific enumeration of the persons in the statute the legislature has employed no terms under which the courts are authorized to include other persons of similar relation, and until the statute is amended, brother and sister can not be included.   We reached this conclusion after mature deliberation in the case of Richard v. State,

decided at the last term, and still think our conclusion correct.

At common law any person might take the life of another to prevent him from committing a known forcible felony, and this right is recognized by our statute. By the third head of the second division of section 2378, homicide is justifiable when necessarily committed in attempting by lawful ways and means to apprehend any person for any felony committed, or in lawfully suppressing any riot, or in lawfully keeping and preserving the peace. The felony of unlawfully taking of life or inflicting serious bodily harm is a violent breach of the peace, and it may be prevented by slaying the perpetrator. A brother is not, of course, excluded from the right to slay to prevent the felony upon his sister, as he may to prevent it upon any other person. The right to slay in such cases, however, rests upon necessity. It was so at common law when one not assaulted himself slayed to prevent a felony, and our statute expressly provides that homicide is justifiable "when necessarily committed * * * in lawfully suppressing any riot or in lawfully keeping and preserving the peace." When called upon to define the right to slay to prevent a felony by one not himself assaulted or endangered, and not standing within the relations enumerated by the statute, the court should not extend it beyond necessity, and a request broader than this should be refused. In this case the court instructed the jury, at the request of defendants, that the law "permits one who sees another in the act of committing a felony to use every means in his power to prevent its commission, and, if in doing so, it becomes necessary to take the life of the person so offending, the law holds him who so takes human

life blameless." According to the testimony in the case
the defendants, before Mitchell commenced to shoot at
the deceased, were not assaulted or in any way threatened
with injury. By the testimony of the State it appeared
that deceased and a brother of Mitchell had a difficulty,
and also the sister of deceased and the sister of Mitchell
had quarreled, and that some ten or fifteen minutes after
these disturbances had been stopped and quieted the de-
fendants came up and Mitchell commenced to fire on de-
ceased who was making no demonstrations of harm to-
wards any one at the time. The deceased was shot twice
in the back and once in the breast and died in a short time
thereafter. Witnesses for the defence state that when the
defendants came up the deceased was approaching the
sister of Mitchell with a drawn knife in his hand and used
language indicating a design to kill her. Some of the
witnesses say that deceased was five or six feet from
Mitchell's sister when the firing commenced, and others
indicate that he was still closer. Mitchell said nothing,
but entered the field by rapidly firing his pistol at deceased
who soon fell mortally wounded. The correct view of
the law upon the facts is whether the killing was necessa-
rily done to prevent a felony, and as the seventh request
was not entirely consistent with this view it was properly
refused.

The next error assigned is that the verdict is not
sustained by the evidence. It is conceded that the wit-
nesses in the case for the respective parties are in direct
conflict and about equal in number. If the testimony of
the State is to be believed, defendants can have no ground
of complaint for being convicted of manslaughter. The
question of conflict in the evidence was for the jury, and

43 Fla. 14.

there is no ground for disturbing the verdict on this account.

It is urged that as the defendants proved good character, this, as a matter of law, raised a reasonable doubt as to their guilt and they were entitled to an acquittal. This is a mistake. Good character does not, as matter of law, raise a reasonable doubt of guilt. Such testimony, like all other, is for the consideration of the jury. Langford v. State, 33 Fla. 233, 14 South. Rep. 815. The court correctly charged the jury as to the good character of defendants, and we find no valid reason for disturbing the verdict.

The judgment must be affirmed, and it is so ordered.