SAM JACKSON, JR., MAJOR YOUNG AND EUGENE HOGANS, PLAINTIFFS IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where the plaintiffs in error were convicted of breaking and entering a building with intent to commit a misdemeanor, i. e., with intent to take, steal and carry away a lot of bacon, and it appears from the evidence that the building was broken and entered; that bacon was stolen, which was found shortly afterwards in the possession of the. plaintiffs in error, it was a question for the jury to determine

4 SUPREME COURT OF FLORIDA.

Jackson, Jr., et al. v. The State of Florida—Opinion of Court.

whether the plaintiffs in error gave a reasonable and credible explanation of how they came into the possession of the recently stolen property, and if the evidence as given in the record is sufficient to support the verdict and affords no ground for the opinion that the jury were governed by improper influences in arriving at their verdict under assignments of error questioning the sufficiency of the evidence the judgment of the court below will be sustained.

2. When there are assignments of error in a criminal case which are not argued, but merely insisted upon in the brief of plaintiffs in error, this court is not required to do more than read the record carefully in connection with such assignments of error, and if it discovers no glaring error prejudicial to the plaintiffs in error, under such assignments, the judgment will not be reversed because of such assigned errors.

This case was decided by Division B.

Writ of Error to the Circuit Court for Columbia County.

T. B. Oliver and Boozer & Gillen, for Plaintiffs in Error.

W. H. Ellis, Attorney-General, for the State.

HOCKER, J. At the Fall term, 1903, of the Circuit Court of Columbia county the plaintiff's in error Sam Jackson, Jr., Major Young and Eugene Hogans, along with one Joe Jones were indicted for unlawfully and feloniously breaking and entering a building, to-wit: a smoke house, the property of one J. C. Marcum, with intent to commit a felony, i. e. to take, steal and carry away several hundred pounds of bacon, of the property of said

VOL. 49, JANUARY TERM, 1905.  5

Jackson, Jr., et al. v. The State of Florida—Opinion of Court.

Marcum. At the Spring term, 1904, of said court, the plaintiffs in error were tried, Joe Jones not having been arrested. The plaintiffs in error were convicted of breaking and entering with intent to commit a misdemeanor, and were sentenced to serve terms in the Penitenitary. These Judgments and sentences they severally seek to reverse on writ of error. The only assignments of error argued here are those which question the sufficiency of the evidence to sustain the verdict. We have carefully examined the evidence as bearing upon the guilt of each of the defendants.

The breaking and entering and stealing of a quantity of bacon belonging to Marcum is not disputed. It is insisted, however, that there is not sufficient evidence to connect Sam Jackson, Jr., and Major Young with the crime. We do not think there is the slightest doubt that the bacon found in the possession of these parties soon after the commission of the crime was the bacon of Marcum. Taking these defendants own story in this connection and they both claim to have bought it from Joe Jones who came to their houses late at night, in a buggy wth Eugene Hogan, and waked them up and sold them the meat. Eugene Hogan admitted to the State witnesses that he and others broke into Marcum's smoke house and took away this meat. He further stated that Sam Jackson, Jr., and Major Young were in the party which committed this offense, but the Circuit Judge charged the jury correctly that this evidence was not competent against Sam Jackson, Jr., and Major Young, they not being present when the statement was made. Marcum also testified that the bacon found in their possession was his. It was a question for the jury to determine whether the defendants Jackson and Young gave a reasonable

and creditable explanation of how they came into possession of the recently stolen property. Roberson v. State, 40 Fla. 509, 24 South. Rep. 474. This depended upon the credibility of the witnesses, a question for the determination of the jury who had the witnesses before them, saw their demeanor and heard them testify. Jackson and Young made several conflicting statements in regard to the matter.

We discover no condition of the evidence as set forth in the record which would justify the notion that the jury were governed by improper influences in arriving at their verdict. Browning v. State, 41 Fla. 271, 26 South. Rep. 639, and cases cited.

There are several other assignments of error which though not argued, are insisted upon in the brief. We have read the record carefully in connection with these assignments of error, and do not discover any glaring error prejudicial to the plaintiffs in error under any of these assignments. Under the rule laid in Thomas v. State, 36 Fla. 109, 18 South. Rep. 331, and re-affirmed in numerous other cases this court is not required to make a further or more critical investigation. Williams v. State, 45 Fla. 128, 34 South. Rep. 279; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; McNish v. State, 45 Fla. 83, 36 South. Rep. 176; Schley v. State, 48 Fla. ..., 37 South. Rep. 518; Markey v. State, 47 Fla. ..., 37 South. Rep. 53.

The judgments and sentences of the Circuit Court are affirmed.

Taylor and Cockrell, JJ., concur.

Whitfield, C. J., and Carter and Shackleford, JJ., concur in the opinion.