JACK GOLDEN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. A preliminary question is not objectionable although further evidence may be necessary to render admissible the testimony sought ultimately to be elicited.

2. To avoid improper testimony given in answer to a proper question, there should be a motion to strike.

This case was decided by Division A.

Writ of Error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the court.

*Pricc & Watson,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

COCKRELL, J.—Jack Golden, indicted in the circuit court for Holmes county for the murder of Will James,

was convicted of murder in the second degree and sentenced to life imprisonment.    Upon his writ of error he relies for reversal upon the overruling of an objection interposed for him at the trial.

The state offered as its witness in rebuttal of testimony by one Gus Tanner for the defense, a juror at the coroner's inquest, and asked him "Do you recollect where Gus Tanner testified he was standing at the time this occurred?"    Before the question was answered the defense brought out the fact that the coroner took the testimony down in writing and that it was signed by Tanner and then objected to the question on the ground that such writing was the best evidence.    The objection was overruled and the witness answered that he did remember and further gave his recollection of that testimony.    No motion was made to strike the answer in whole or in part, and it is evident that the question, a preliminary one, was of itself wholly innocuous.    Should we grant the contention of the plaintiff in error that the "best evidence" rule obtains under these circumstances, it is apparent the state was not called upon to make any further showing at the time until it first ascertained that the witness' memory was such as to be of assistance, should the difficulty be overcome.    Mere preliminary questions ordinarily cannot be objected to.    Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; Ortiz v. State, 30 Fla. 256, 11 South. Rep. 611.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.