BART McCALL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. It is the duty of a party resorting to an appellate court to make the errors apparent of which he complains; and, where in the examination of witnesses on the trial, objections to any of his questions have been sustained and the testimony sought to be elicted thereby excluded, and such questions do not in and of themselves indicate whether the answers thereto will be material or pertinent evidence, it is his duty, in order to have the rulings thereon reviewed upon writ of error, to make an offer at the trial of what he proposes to elicit or prove by such questions, so that both the trial and appellate court can determine whether the proposed evidence is material or relevant; otherwise he fails to make his alleged error to appear, and a appellate court wi llso declare.

2. Objections are properly sustained to questions that seek to elicit testimony that is not relevant or material to the issue.

3. Where an objection has been sustained to a question but subsequently during the trial the question was answered in effect

McCall v. State.—Syllabus.

by the witness, even if there was error in the previous ruling, it was cured by the subsquent admission of the testimony so excluded.

4. In a criminal prosecution, where the defendant puts his character in issue, the court cannot be required to single out specifically the part of the evidence relating to character to the exclusion of other evidence and instruct on it, though the court may do so if it sees proper. When such instructions are given it is proper to instruct the jury that such evidence of good character must be considered in connection with all the other evidence in the case, and when considered as a whole if the evidence raises a reasonable doubt of the defendant's guilt there should be an acquittal.

5. Where the brief for plaintiff in error contains simply a bare statement that a ruling of the trial court is erroneous, no reasons being given, no principles of law stated and no authorities cited, an assignment of error based upon such ruling will be treated as abandoned for failure to argue the same, unless the error complained of is so glaring or patent that no argument is needed to demonstrate it.

6. No error was committed in refusing the following requested instruction: "The court charges the jury, that if any one of the jury have a reasonable doubt growing out of the evidence as to whether or not any material allegation of the indictment has been proven, you must acquit the defendant."

7. Where an assignment of error is predicated upon the denial of a motion for a new trial, and such motion consists of a number of grounds, an appellate court will consider only such grounds as are urged before it, and where none of the grounds are argued, the defendant simply stating in his brief that such motion should have been granted, the assignment will be treated as abandoned.

8. The practice of requesting an unnecessarily large number of instructions to the jury is disapproved.

This case was decided by Division A.

Writ of Error to the Circuit Court for Suwanee County.

The facts in the case are stated in the opinion of the court.

*Roberson & Small,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

SHACKLEFORD, C. J.—Bart McCall was indicted for murder in the first degree, tried and convicted of murder in the third degree and sentenced to imprisonment in the state prison for a term of ten years, which judgment he seeks to have reversed here upon a writ of error.

After the state had introduced all of its evidence in chief the defendant was called as a witness in his own behalf and the following questions propounded to him: "Why didn't your brother want you to leave?" "What was said that night with reference to your sister, Mrs. Blackman?" The sustaining of objections interposed by the state to these questions forms the basis for the first two assignments. Previous to the propounding of these questions the state had established the fact of the killing of Ed McCall by the defendant on the night of the 27th day of May, 1906. No error is made to appear to us in either of these assignments. As was said in Boykin v. State, 40 Fla. 484, text 491, 24 South. Rep. 141, text 144: "The excluded questions did not in and of themselves indicate the materiality or pertinency of the evidence expected in reply thereto, and no exposition was made as to what *evidence* was expected to be elicited in reply thereto. Neither this court nor the trial court could, therefore, say whether the excluded evidence was material or pertinent or not. It is the duty of a party appealing to an appellate court to make the errors *apparent* of which he complains, and unless he does so the appellate court cannot declare error. The rule in such cases is,

that where a question to which an objection is sustained on the trial does not itself indicate whether the answer to it will be material or pertinent evidence or not, the party seeking to introduce the evidence must, in order to have the ruling reviewed on appeal, make an offer of what he proposes to prove, so that the trial and appellate court can determine whether the proposed evidence is material or not, otherwise he fails to make his alleged error to appear, and the appellate court will so declare." Also see the authorities there cited and, in addition thereto, the following: Wright v. State, 42 Fla. 289, 27 South. Rep. 863; Hoodless v. Jernigan, 46 Fla. 213, text 224, 35 South. Rep. 656, text 660, and authorities there cited; Starke v. State, 49 Fla. 41, 37 South. Rep. 850; Davis v. State, 54 Fla. 44 South. Rep. 757; Pugh v. State, decided here at the present term.

The third assignment is based upon the sustaining of an objection to the following question propounded to the defendant: "What else, if anything, was said that night with reference to your sister?" Previous to the asking of this question, the defendant had testified to the effect that some time before the night of the killing but not long after the defendant went to the home of the deceased to live, at which time their sister was living in such home also, the deceased had informed the defendant that he, the defendant, would like to have sexual intercourse with their sister. At the time the question was asked, the defendant had not testified to any conversation having taken place on the night of the tragedy between him and the deceased concerning their sister, nor had it been made to appear at the time the objection was interposed and sustained what evidence the defendant sought or expected to elicit by the question. What we have said in disposing of the first and second assignments is equally applicable here. After the court had sustained the objection the defendant then

stated what he would testify to in response to the question, to the admission of which in evidence the state objected and the court excluded.   This forms the basis for the fourth assignment.   No error is made to appear here.   The excluded testimony was in no wise responsive to the question but simply set forth in detail an account of what happened one night in the month of January prior to the killing on the 28th day of the following May between the deceased, the defendant and their sister, when, according to the proffered testimony, the deceased made an unsuccessful attempt to have sexual intercourse with their sister, which was prevented by the defendant.   This produced a quarrel and an altercation between the deceased and the defendant on the night such attempt was made, and they continued to have quarrels about it up to the very night the killing took place, and that the deceased continued to keep the defendant at his home and refused to permit him to return to his home in Alabama for the reason that the deceased was afraid that the defendant would tell about the attempted rape by the deceased of their sister.   There is absolutely nothing in the excluded testimony relating to what occurred on the night of the tragedy.   Immediately after this proffered testimony was excluded the defendant proceeded to set forth in detail what took place on the night of the killing and stated that the quarrel arose and was renewed that night over the thwarted attempt of the deceased to have sexual intercourse with their sister.   Therefore, the defendant had the full benefit of all the responsive testimony to the question and for that reason has nothing to complain of on that score.   See Baker v. State, 30 Fla. 41, 11 South. Rep. 492; Mathis v. State, 45 Fla. 46, text 63, 34 South. Rep. 287, text 292; Eatman v. State, 48 Fla. 21, 37 South. Rep. 576.

The fifth assignment is based upon the exclusion of

certain portions of the testimony of Rebecca Blackman, the sister of the defendant and the deceased, in which she set forth the attempt of the deceased to have sexual intercourse with her in the month of January preceding the killing in May. What we have said in disposing of the fourth assignment applies here. This testimony is too remote in point of time and has no relevancy to the crime for which the defendant was tried. The witness testified in the excluded testimony that just after the deceased made his unsuccessful attempt upon her she left his house and returned to her home in Alabama. There is nothing in her excluded testimony which throws any light upon the tragedy.

The sixth and seventh assignments are based respectively upon the refusal of the trial court to give the following instructions, at the request of the defendant:

"The court charges the jury that proof of good character, in connection with all the other evidence in the case, may generate in the minds of the jury a reasonable doubt which would entitle the defendant to an acquittal, when without such proof of good character the jury would convict."

"The court charges the jury that proof of good character, if you believe from the evidence that the defendant has proven a good character, is a fact, which, taken in connection with all the other evidence in the case, may generate in the minds of the jury a reasonable doubt, which will entitle the defendant to an acquittal."

In support of these assignments, the defendant cites and relies upon the following cases: Taylor v. State, (Ala.,) 42 South. Rep. 996; Bryant v. State, 116 Ala. 446, 23 South. Rep. 40; Miller v. State, 107 Ala. 40, 19 South. Rep. 37.

Unfortunately for the defendant, this court, in the well considered case of Olds v. State, 44 Fla. 452, 33 South. Rep. 296, has decided adversely to this conten-

8

tion.  It was held therein (second and third headnotes),
"It is not error for the trial court to refuse to instruct
the jury that the good character of the defendant among
his neighbors is of value, especially in doubtful cases,
and if they believe from the evidence that the defendant
bears a good character in the community in which he
lives, they might consider such character in connection
with all the other evidence in the case, and if the evi-
dence in regard to character raises a reasonable doubt
in their minds as to the guilt of the defendant, then they
should find him not guilty."

"The proper way to instruct the jury when evidence
of good character is produced is that such evidence must
be considered in connection with all the other evidence
in the case, and when considered as a whole if the evi-
dence raises a reasonable doubt of guilt there should be
an acquittal."

In the opinion the previous case of Langford v. State,
33 Fla. 233, 14 South. Rep. 815, is cited and the follow-
ing language used in regard thereto:   "The effect of
the decision in the Langford case appears to be that the
court is not required to single out specifically the part .
of the evidence relating to character and instruct on it,
though according to our past rulings the court may do
so if it sees proper."    Also see Volusia County Bank v.
Bertola, 44 Fla. 734, text 736, 33 South. Rep. 448, text
449, and Mitchell v. State, 43 Fla. 188, 30 South. Rep.
803.

The eighth assignment is based upon the refusal of the
following instruction requested by the defendant:   "The
court instructs the jury that the bad character of the
deceased, if you believe from the evidence that the
deceased had a bad character, is a fact, which, taken
in connection with all the other evidence in the case,
would justify the defendant in acting more promptly in
defending himself at the time he fired the fatal shot, and

if you further believe, from the evidence, that at the time the defendant fired the fatal shot that his life was in actual or apparent danger at the hands of the deceased; and that the defendant was free from fault in bringing on the difficulty, you must acquit the defendant."

No error was committed in refusing this instruction. See the authorities cited by us in disposing of the sixth and seventh assignments. The instruction is also infected with other vices.

For like reasons the thirteenth assignment, which was also predicated upon the refusal of a requested instruction, must fail.

The ninth assignment is passed by the defendant until he reaches the sixteenth assignment, at which time he promised to discuss both together, but we find, as a matter of fact, that practically no argument is made in support of either, therefore, all that is required of us is to examine the two assignments sufficiently to see that there is no error in the rulings complained of so glaring or patent as to require no argument to demonstrate it. This we have done and have discovered no error. See Thomas v. State, 47 Fla. 99, 36 South. Rep. 161, and authorities there cited; Schley v. State, 48 Fla. 53, 37 South. Rep. 518; Jackson v. State, 49 Fla. 3, 38 South. Rep. 599. Several of the other assignments must fall for the like reason.

The tenth assignment is based upon the refusal of the following instruction: "The court charges the jury, that if any one of the jury have a reasonable doubt growing out of the evidence as to whether or not any material allegation of the indictment has been proven, you must acquit the defendant." This contention has been decided by this court in several cases adversely to the defendant. See Cook v. State, 46 Fla. 20, 35 South. Rep. 665, and authorities there cited; Baldwin v. State,

46 Fla. 115, 35 South. Rep. 220; Smith v. State, 48 Fla. 307, 37 South. Rep. 573; Snelling v. State, 49 Fla. 34, 37 South. Rep. 917. Also see Barker v. State, 40 Fla. 178, 24 South. Rep. 69.

The eleventh, twelfth, fourteenth and fifteenth assignments are all based upon requested and refused instructions. The argument made in support thereof is slight. Suffice it to say that we have examined all of them as fully as we are required to do and have found no reversible error therein. We do not set them forth for the reason that we do not see any useful purpose to be subserved thereby.

The remaining assignments, with the exception of the twentieth, are based upon certain paragraphs or portions of the general charge of the court. Reading such portions in connection with the entire charge and the instructions given at the request of the defendant, as we must do, under the settled practice of this court, we fail to find any reversible error therein.

The twentieth assignment is predicated upon the denial of the motion for a new trial. Such motion contains thirty grounds, but they are not argued before us, the defendant contenting himself with simply stating in his brief that the court should have granted it, therefore, this assignment must be treated as abandoned. See Ross Johnson v. State, decided here at the present term, and authorities there cited.

We again wish to express our disapproval of the practice of requesting an unnecessarily large number of instructions and would refer to what we have said concerning such practice in Gracy v. Atlantic Coast Line R. R. Co., 53 Fla. 350, 42 South. Rep. 903, and Atlantic Coast Line R. R. Co. v. Crosby, 53 Fla. 400, text 476, 43 South. Rep. 318, text 341.

Finding no reversible error, the judgment must be affirmed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.