Appellant was tried on a charge of murder in the second degree and convicted of manslaughter. He was sentenced to hard labor in the State Penitentiary for ten years and prosecuted this appeal from that judgment.
It is first contended that the trial court erred in refusing to order a mistrial for the following reason: The coroner in answering an inquiry about some knives that were offered in evidence at the inquest, answered in effect that the coroner's jury held the appellant to the grand jury for first degree murder and that therefore the knives must be in the custody of the clerk of the circuit court.
It appears that two knives were placed in evidence at the trial. One of them was found in the pocket of the deceased after the homicide but it was closed. It is suggested or intimated that the other was used by appellant in committing the homicide. When the coroner answered the question propounded to him, the jury was excused *Page 346 
and appellant moved for a mistrial because of the alleged prejudicial answer. The motion was denied and the court instructed the jury that the answer was not evidence and "you are to disregard that statement entirely in your consideration and are to confine your deliberations to the evidence that comes from the witness stand here."
We think this charge relieved the coroner's answer of any prejudicial effect it may have had. The fact that he asserted that appellant was bound over for murder in the first degree, that the county solicitor informed against him for murder in the second degree and that the jury found him guilty of manslaughter, would indicate that the jury exercised its deliberate judgment unhampered by the alleged prejudicial incident. The charge was as clear as a bell and the record shows that it had the desired effect.
The second point urged for reversal, is based on the following statement made by the county solicitor in his argument to the jury. "Gentlemen of the Jury, Mr. Coe has told you about this Willie Carroll walking up on Willie Fountain with him holding the knife, in his hand, and I tell you that the law gives him the right to go there and disarm Willie Fountain and kill him if necessary in so doing."
Timely objection was made to this argument but the objection was overruled. The county solicitor then made a clarifying statement to the jury which is not necessary to recite. Appellant then requested a clarifying charge to counteract the effect of the argument, which was denied. The refusal of this charge is the gist of the second ground relied on for reversal.
Section 782.02(3), Florida Statutes 1941, F.S.A., among other things, provides that homicide is justifiable when "committed * * * in lawfully keeping and preserving the peace." This statute was construed in Mitchell v. State, 43 Fla. 188, 30 So. 803. The opinion and judgment of the trial court was upheld, this Court using the following language: The law permits one who sees another in the act of committing a felony, to use every means in his power to prevent its commission; and if, in doing so, it becomes necessary to take the life of the person so offending, the law holds him who so takes human life blameless.
The evidence as a whole discloses that this unfortunate occurrence was the outcome of a typical night club fracas. The deceased, his wife and some friends were having dinner at the night club. Appellant approached the table where deceased and his party were eating and whispered something to the wife of deceased. Soon after the deceased and his party left the club house, followed by appellant. When they got outside business picked up at once. Appellant made a pass at one George Wiggins with a knife but he apparently missed George and sunk his knife into the deceased, who walked to his car near by, pulled the knife from the wound and died immediately.
The evidence as to how appellant and deceased got together is in hopeless conflict. Self defense was relied on by appellant but there was ample evidence to contradict that, if believed. In fact, the conflicts in the evidence present a typical jury case, and we find ample evidence to support the verdict of manslaughter. There is no showing whatever of any bias on the part of the jury and we are convinced that the appellant had a fair trial.
Affirmed.
CHAPMAN, HOBSON and ROBERTS, JJ., concur.
ADAMS, C.J., and THOMAS and SEBRING, JJ., concur in part and dissent in part.