DAN MAYO, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

1.  In a prosecution for homicide where self defense is an issue and the defendant has testified as to his belief of his danger from the deceased, it is not error to exclude the testimony of the accused that the deceased "could have cut me if I had waited any longer to shoot him" since the circumstances were in evidence and the conclusions of fact were to be deduced therefrom by the jury.

2. Where the evidence is conflicting, but there is ample evidence to support the verdict, and no material errors of law appear, the judgment will be affirmed.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

*Lewis & Buford,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, C. J.—This writ of error was taken to a conviction of manslaughter. An assignment of error is predicated upon the overruling of an objection to a question, but as the question does not appear to have been answered the assignment is unavailing. While testifying as a witness the defendant Mayo in support of his act as being in self defense stated that the deceased "could have cut me if I had waited any longer to shoot him." The State Attorney objected to this language as calling for the opinion of the witness. The objection was sustained and an exception noted for the defendant. As the Court merely sustained the objection to the testimony and did not strike it or direct the jury to disregard it, the question may not be properly presented, but there was no harmful error in the action of the Court, since the quoted language expressed an opinion rather than a fact. The circumstances were in evidence and conclusions of fact are properly drawn by the jury and not by ordinary witnesses. The defendant was permitted to testify as to his belief of his danger from the deceased.

The conflicts in the testimony were settled by the jury, and as there is ample evidence to sustain the verdict and no material errors of law appearing, the judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.