I. L. WHIDDEN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. In a prosecution for murder in the first degree for the unlawful killing of a human being from a premeditated design to effect the death of the person killed, or any human being, the defendant under a plea of not guilty may introduce any relevant and proper evidence tending to show a lack of premeditated design in the admitted killing so as to reduce the offense to a lower degree of homicide. This defense is not inconsistent with evidence tending to show self defense.

2. A sudden transport of passion, caused by adequate provocation, if it suspends the exercise of judgment, and dominates volition, so as to exclude premeditation and a previously formed design, may not excuse or justify a homicide, but it may be sufficient to reduce a homicide below murder in the first degree, although the passion does not entirely dethrone the actor's reason.

Appealed from the Circuit Court for Washington County.

The facts in the case are stated in the opinion of the court.

*W. O. Butler, J. W. Kehoe, L. D. McRae* and *A. W. Weeks*, for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, C. J.—The plaintiff in error was convicted of murder in the first degree with recommendation to mercy and was sentenced to life imprisonment. On writ of error several assignments of error are argued, but only one deserves consideration.

At the trial the defendant as a witness offered to testify that about twenty minutes before the fatal shooting on Monday morning the defendant's wife asked him not to leave home and told him that on the Saturday night before, the deceased had broken in her house and room in the night time and made an assault upon her, and that he had told her at the time that if she breathed it to the defendant, her husband, he, the deceased, would choke her stiff; and that for these reasons his wife cried and begged the defendant not to go and that this was about twenty minutes before the shooting which occured a short distance away. It was explained that this testimony was offered upon the theory that it is proper testimony to go to the jury in order that they may determine the state of mind that the defendant was in at the time he did the shooting, in order that the jury may determine whether the klling was done from and with a premeditated design, or done under such circumstances as would reduce the killing to some lesser degree of unlawful homicide, other than murder in the first degree. This

testimony was excluded, and the only substantial error disclosed is predicated on such exclusion.

In a prosecution for murder in the first degree for the unlawful killing of a human being from a premeditated design to effect the death of the person killed, or any human being, the defendant under a plea of not guilty may introduce any relevant and proper evidence tending to show a lack of premeditated design in the admitted killing so as to reduce the offense charged to a lower degree of homocide. This defense is not inconsistent with evidence tending to show self defense.

A sudden transport of passion, caused by adequate provocation, if it suspends the exercise of judgment, and dominates volition, so as to exclude premeditation and a previously formed design, may not excuse or justify a homicide, but it may be sufficient to reduce a homicide below murder in the first degree, although the passion does not entirely dethrone the actor's reason. See Smith v. State, 83 Ala. 26, 3 South. Rep. 551; Olds v. State, 44 Fla. 452, 33 South. Rep. 296; State v. Cancienne, 50 La. Ann. 847, 24 South. Rep. 134. If the wife did in fact make the disclosures to her husband, the defendant, as stated, it may have aroused his passions. Whether the husband was so told and the effect, if any, it had on his mind at the time of the homicide were for the jury to decide.

While it seems unusual that the wife of the defendant should have given the startling information to her husband so late as Monday when apparently she could have done so sooner, yet this goes to the credibility and not to the admissibility of the testimony. Whether the wife did in fact make such disclosures to her husband only twenty minutes before the shooting and what effect, if any, it had on the defendant at the time of the homicide

are for the jury to determine. Whether the wife's disclosure was true is not for consideration; but the effect of the disclosure if made, on the husband's mind at the time of the homicide may be considered by the jury in determining the degree of his unlawful homicide. As the defendant was found guilty of murder in the first degree, the exclusion of the stated testimony may have resulted in harm to the defendant. He clearly had a right to its consideration by the jury, the probative force being for them to determine.

For the error in excluding the testimony herein specifically referred to, the judgment is reversed and a new trial granted.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.