JOHN HAGAN, *alias* JOHN HAGIN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed November 4, 1913.

1. An application for a continuance of a cause is addressed to the sound discretion of the trial court, and all facts necessary to show an abuse of discretion to the injury of a defendant must be presented, the presumption being in favor of the correctness of the ruling.

2. An affidavit for a continuance of a criminal case should be scanned with more care than in a civil case; and a continuance applied for on the ground of the absence of a witness should allege that the witness was absent without the consent of the defendant either directly or indirectly given.

3. There is no rule of law or procedure that where an indictment is found at one term, the trial cannot properly be had at that term. Whether a continuance should be had depends on the facts and circumstances of the case.

Writ of error to Circuit Court, Volusia County; J. W. Perkins, Judge.

Judgment affirmed.

*U. M. Bennett* and *John E. Peacock,* for Plaintiff in Error;

*T. F. West,* Attorney-General, and *C. O. Andrews,* Assistant for the State.

HOCKER, J.—The plaintiff in error was indicted in Volusia county on April 10th, 1913, for the murder of one Claude Nix, and pleaded not guilty. On the next day his attorney filed the following motion for a continuance: "Now comes the defendant by his attorneys U. M. Bennett and J. E. Peacock, and moves the court

for a continuance of the above entitled cause, until the Fall term of the said court, upon the following grounds, to-wit:

1st.   Because the defendant, John Hagan, cannot safely go to trial without the following witnesses, to-wit: Jessie Revels and Lizzie Revels, who will testify that at the time Claude Nix, the deceased, was shot, the defendant, John Hagan, was in his bed in his house near Oak Hill, Fla., on the night of the 27th of December, 1912.

The defendant, John Hagan says that he cannot prove the above fact by any other than the above named witnesses, and that he has tried to have them subpoenaed and that the Sheriff has failed to get service upon them, and the defendant believes that they can be subpoenaed and present at the next term of the said court, and says that these witnesses are material witnesses in his behalf and that he cannot safely go to trial without them, and prays the court to continue his case until the next term of the said Circuit Court.

(Signed)        U. M. Bennett,<br>
J. E. Peacock,<br>
Attorneys for the Defendant."

This motion was supported by the following affidavit: "Personally appeared before me, John Hagan, who being duly sworn says, that he is insolvent and unable to pay the cost of his defense, or of procuring the attendance of his witneses, Jessie Revels and Lizzie Revels, his wife, whom he expects to testify as to his whereabouts at the time of the alleged killing, that is, that he John Hagan came to his residence where they all lived together with John Hagan and his wife, and that the said witnesses Jessie Revels and Lizzie Revels were there, that he, John Hagan, went to bed with his wife and remained there dur-

ing the entire night. That the testimony of the said
witnesses is necessary to the proper defense of this de-
fendant, and that he cannot go to trial without them,
and that there are no other witnesses by whom this de-
fendant can prove this fact, except by the wife of the
defendant, and further that he cannot procure the at-
tendance of these witnesses without the process of sub-
poena.

his

John   X   Hagan

mark

Sworn to and subscribed before me this 10th day of
Apr., A. D. 1913.

James W. Perkins, Judge."

On the same day the court made the following order
on said motion: "The above motion came on to be heard,
and it appearing to the court that the testimony of these
two witnesses was taken down at the inquest, and that
they then swore that they were in the house of John
Hagan at six o'clock of the evening of the alleged homi-
cide and that then those witnesses knew that they, the
witnesses, went to bed at six o'clock, and that Hagan
and his wife were in the house at that time, at six o'clock,
and that they the said Jessie Revels and Lizzie Revels,
went to bed and left Hagan and his wife yet up, and
that in a few minutes they heard Hagan and his wife
also go to bed; further, that the said Revels said that he
went to sleep and does not know whether or not any
person left the house that night; further, upon the filing
of the insolvency affidavit and asking that these witnesses
be summoned, counsel stating that they understood from
what one of the State's witnesses told them that these
witnesses were at Anthony, Fla., the court ordered that

summons do issue, and directed the Sheriff to learn whether or not the parties were at Anthony, Fla., and if so, to summon them instanter; the court then taking an adjournment over from the tenth, to this the 11th day of April, and at two o'clock, this day, the court being advised by the Sheriff that the witnesses, Jessie Revels and Lizzie Revels, could not be found at Anthony, Florida, the above and foregoing motion is denied, to which defendant excepts, this the 11th day of April, A. D. 1913.

(Signed)     James W. Perkins, Judge."

The defendant was then tried and convicted of murder in the first degree, and recommended to the mercy of the court, and was sentenced to the State prison for life. The ruling denying the application for a continuance is the basis for the first assignment of error.

An application for a continuance of a cause is addressed to the sound discretion of the court, and all facts necessary to show a clear abuse of discretion to the injury of the defendant must be presented, and whenever the record is silent or uncertain on any material point to establish such abuse of discretion, the presumptions are all in favor of the correctness of the ruling. An affidavit for a continuance should be scanned with more care in a criminal than in a civil case, and should allege that the witnesses were absent without the consent of the defendant either directly or indirectly given. Bryant v. State, 34 Fla. 291, 16 South. Rep. 177; Hall v. State, 35 Fla. 534, 17 South. Rep. 638; Bynum v. State, 46 Fla. 142, 35 South. Rep. 65. The affidavit in the instant case does not state that the alleged witnesses were absent without the consent of the defendant. We find no errors in this ruling.

The second assignment of error is based on the recitation by the judge in his order refusing a continuance, of the evidence of Jessie and Lizzie Revels at the inquest held over the body of Claude Nix, but as the affidavit for a continuance was insufficient, it is unnecessary to comment on this assignment.

It is alleged in one assignment of error that the court erred in not giving defendant a reasonable time to procure his witnesses Jessie and Lizzie Revels. It is said in Moore v. State, 59 Fla. 23, text 33, 52 South. Rep. 971: "There is no rule of law or procedure that where an indictment is found at one term the trial cannot properly be had at that term. Whether a continuance should be had to another term depends upon the facts and circumstances of the case. The granting of a continuance is in the discretion of the trial judge and his ruling will not be disturbed unless abuse of discretion affirmatively appears." It does not appear that defendant desired any other witness than Revels and his wife, and it does not appear that they were within reach of the processes of the court. See Moore v. State, *supra*. We find no error here.

Several assignments question the verdict as not being supported by the evidence, as contrary to the evidence, and as contrary to law. Much stress is laid upon the first and second of these in the briefs for the plaintiff in error. The evidence is circumstantial and voluminous. No good purpose would be subserved by setting it out in this opinion. We have given it careful consideration and are unable to say that the jury could not as reasonable men have rendered the verdict which they did, or that they were governed by other considerations than the evidence in the case.

The judgment of the Circuit Court is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHIT-FIELD, J. J., concur.