LUCY BOYINGTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 2, 1917.

1. Section 3906, General Statutes, 1906, providing that "No person whose opinions are such as to preclude him from finding any defendant guilty of an offense punishable with death shall be allowed to serve as a juror on the trial of any capital case," does not *disqualify* a person "to serve as a juror on the trial of any capital case" merely because he may have "conscientious scruples against the infliction

'of capital punishment for murder;" and it is not harmful error to exclude a question propounded by the defendant as to the proposed juror's conscientious scruples against capital punishment for murder.

2. It is harmful error to overrule objections to questions propounded by the State to a defendant witness |as to material testimony given by the defendant witness at a coroner's inquest relative to her connection with the homicide in question, when it is not affirmatively shown that the witness was warned of her rights when testifying before the coroner and when in custody of an officer.

Writ of Error to Circuit Court for Bay County, D. J. Jones, Judge.

Judgment reversed.

*Price & Carter* and *W. C. Price,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The plaintiff in error, Lucy Boyington, was indicted for murder in the first degree, another person being charged in the indictment with aiding and abetting in the murder. There was a severance, and on trial Lucy Boyington was convicted of manslaughter. On writ of error she assigns as errors various rulings of the court, including several made in the empanelling of the jurors.

D. H. Andrews, a proposed juror, was called, and after being examined on direct and cross on other matters relating to his qualifications as a juror in the case, was asked by counsel for the defendant: "Q. Have you any conscientious scruples against the infliction of capital punishment for murder in the first degree? A. Yes sir.

Mr. Hutchinson (State Attorney): We think the question is improper. If the State desires to ask the question we think it can do so; it is a privilege of the State. By the Court: The objection is sustained. Mr. Carter: We note an exception. If your Honor please, we challenge Mr. Andrews for cause. By the Court: The challenge is overruled. Mr. Carter: Your Honor will note an exception." Later the defendant challenged Mr. Andrews peremptorily. Subsequently "the defendant challenged peremptorily Mr. Youngblood, which said challenge was overruled and denied, upon the ground that the defendant had exhausted her ten peremptory challenges to which she was entitled under the law; and to which ruling of the court the defendant did then and there except."

If the court erred in denying the defendant's challenge of the talesman D. H. Andrews for cause, such error was harmful, since her statutory ten peremptory challenges were exhausted before a panel was accepted and the defendant was denied a proffered peremptory challenge of the talesman Youngblood who sat on the jury.

Section 3906 General Statutes, 1906, Florida Compiled Laws, 1914, provides that "No person whose opinions are such as to preclude him from finding any defendant guilty of an offense punishable with death shall be allowed to serve as a juror on the trial of any capital case." This statute makes it a disqualification for a person to serve as a juror in a capital case where his opinion is such as to preclude him from finding any defendant guilty of an offense punishable with death. Olive v. State, 34 Fla. 203, 15 South. Rep. 925. Such an opinion is a statutory disqualification, and if it develops on *voir dire,* the person entertaining the opinion should be excused from serving as a juror at the instance of the State or of the defendant.

The statute does not disqualify a person "to serve as a juror on the trial of any capital case" merely because he may have "conscientious scruples against the infliction of capital punishment for murder." To be disqualified under the statute to serve as a juror in the trial of a capital case, the "opinions" of the person must be "such as to preclude him from finding any defendant guilty of an offence punishable with death." No offer was made by the defense to show that Mr. Andrews' opinions were such as to preclude him from finding any defendant guilty of an offence punishable with death. The question asked and the answer given as to the conscientious scruples of Mr. Andrews against the infliction of capital punishment for murder, did not show a *disqualification* under the statute; and the defendant was not injured by and cannot justly complain of the rulings sustaining the objection to the question and refusing to excuse the talesman because he entertained conscientious scruples against capital punishment for murder. This being so the defendant was not deprived of a right when he was not allowed to peremptorily challenge the talesman Youngblood. as the ten peremptory challenges allowed the defendant by law were exhausted when he peremptorily challenged Mr. D. H. Andrews.

On cross-examination of the defendant the State undertook to show by her that she had made statements before the coroner at the inquest in conflict with her present testimony in material matters relative to the part she played at the homicide. This was objected to on the ground that it had not been shown the defendant had been warned of her rights when she testified at the coroner's inquest, and that she was then under arrest charged with this homicide. Evidence was taken as to whether the defendant was under arrest and was warned

of her rights when she testified before the coroner, and the questions propounded to her on cross-examination were allowed. As the evidence adduced in support of the asserted right to ask the defendant witness on cross the questions that lay a foundation to impeach her testimony did not affirmatively show that she was warned of her rights when testifying before the coroner and in the custody of an officer, the impeaching questions were erroneously allowed and were harmful. McDonald v. State, 70 Fla. 250, 70 South. Rep. 24; Crawford v. State, 70 Fla. 323, 70 South. Rep. 374; Daniels v. State 57, Fla. 1, 48 South. Rep. 747. As this line of cross-examination of the defendant was error, it is not necessary to determine now errors assigned on the refusal of the court to allow the defendant to show that after the inquest she had, in a *habeas corpus* proceeding involving the homicide, testified as she now testifies.

It is not necessary to discuss other errors assigned as they are either not well taken, or may not occur on another trial of the cause.

Judgment reversed, and a new trial awarded.

BROWNE, C. J., AND TAYLOR ANL ELLIS, J. J., concur.

WLST, J., disqualified.