E. L. CHILDERS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 13, 1917.

CRIMINAL LAW—MURDER—ADMISSION AND REJECTION OF EVIDENCE IN MURDER TRIAL—DECLARATIONS OF DEFENDANT TO THIRD PERSONS MADE SHORTLY AFTER THE KILLING AS TO OCCURRENCES AT THE TIME OF THE HOMICIDE WHEN REJECTED THROUGH THE MOUTHS OF SUCH THIRD PERSONS IS HARMLESS ERROR IF THE DEFENDANT AS A WITNESS FOR HIMSELF UNDER THE STATUTE AFTERWARDS IS PERMITTED UNDER OATH TO TESTIFY AS TO THE SUBSTANCE OF THE MATTERS REJECTED FROM ADMISSION THROUGH SUCH THIRD PERSONS—ADMISSION OF MATTER SO WHOLLY IMPERTINENT, FOREIGN AND IMMATERIAL TO ANY ISSUE IN THE CASE AS TO CONSTITUTE HARMLESS ERROR.

1.  When declarations made by the defendant to third persons shortly after the homicide as to words spoken by the deceased and other occurrences at the time of such killing is rejected when offered by the defendant to be proven by such third persons, *Held* that even if such declarations were anything more than self serving declarations and the veriest

hearsay, the error, if any, in their exclusion through such third persons, was cured and became harmless error when the defendant was afterwards permitted to testify under oath as a witness for himself under the statute, as to the substance of the matter rejected when offered to be proven as declarations made by the defendant to such third persons.

2. Evidence that tends to show premeditated design to kill the deceased is properly admitted in a trial for murder.

3. Evidence that tends to show hostile feeling by the defendant towards his victim, the deceased, is properly admitted in a trial for the homicide as it tended to show a motive for the crime.

4. Evidence showing an adulterous intercourse between the defendant and the wife of the deceased is properly admitted, as it tends to establish the motive of the defendant for committing the homicide.

5. Evidence admitted in a trial for murder may be so wholly impertinent, foreign and immaterial to any issue in the case as to be wholly incapable of harm to the defendant, in which event the court will adjudge its erroneous admission to be harmless error.

6. There is no error in excluding the testimony of the defendant by which he sought to show that the illicit intercourse between himself and the wife of the deceased was brought about by the solicitation of said wife, as said proffered testimony was wholly impertinent and immaterial to any issue in the case, and furnished no excuse or palliation for either such illicit intercourse or for the subsequent slaying of such woman's husband.

7. Any evidence that tends to prove that a person suspected of crime in any manner endeavors to escape or evade a threatened prosecution, by flight, concealment, resistance to lawful arrest, or other *ex post facto* indication of a desire to

evade prosecution is properly admissible as one of a series of circumstances from which guilt may be inferred.

8.  When a question to a witness for the defense is disallowed by the court, but, notwithstanding the courts ruling on the question disallowed, the witness goes ahead and answers the question fully, and his answer is not stricken or taken from the jury, the error, if any, in the disallowance of the question is cured, and no harm results to the defendant from the ruling disallowing the question of which he can afterwards complain.

9.  An appellate court should not grant a new trial upon the ground of the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some substantial evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may fairly have been found on it.

10. A verdict will not be set aside by an appellate court where the propriety of the verdict depends, not upon the lack of evidence, but upon the credibility or weight of conflicting testimony.

Writ of Error to Circuit Court for Madison County, M. F. Horne, Judge.

Judgment affirmed.

*Chas. E. Davis* and *R. H. Rowe*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *Glen Terrell*, Assistant, for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, on writ of error seeks a review of a judgment of the Circuit Court of Madison County convicting and sentencing him for the crime of murder in

the first degree, the verdict of the jury having recommended him to mercy.

The 1st, 2nd, 3rd, 4th, 13th, 14th and 15th assignments of error all involve the same questions, and are presented and argued together, and will be so disposed of. These assignments of error all complain of rulings of the court rejecting certain cross-interrogatories propounded by the defendant's counsel to two or three of the State's witnesses, by which it was sought to have said witnesses testify as to what the defendant had told them that the deceased had said to him at the time of the killing, and what the defendant had told them as to the deceased having tried to draw his pistol, and that he, the defendant, had told said witnesses that he thought he had better not take any chances, and had therefore shot the deceased, all of said declarations by the defendant in the hearing of said witnesses having been made within from one and a half to two or three minutes after the killing of the deceased by him.

There was no error in the rulings so assigned. Even if the rejected evidence can be said to be anything more than self serving assertions made by the defendant after the close of the tragedy, and attempted to be introduced as substantive evidence through the mouths of third persons who heard him make them, still the defendant has not been injured by their rejection as made to these third party witnesses for the reason that afterwards when testifying as a witness, under our statute, on his own behalf he was permitted as a witness for himself, and while under his oath as such, to give in evidence the substance of such rejected assertions. Such assertions when testified to by himself as a witness under oath and subject to cross-examination was admissible as direct evidence, but when offered through the mouths of third

persons who heard him make them, it was hearsay and inadmissible.

A State's witness, one G. D. Purvis, who had testified in substance that at the early hour of five or five thirty o'clock on the morning of and a short while before the homicide he had seen the defendant promenading back and forth at the railroad crossing a short distance from the place of the tragedy, and that he, the witness, within a few minutes after seeing the defendant there, had himself crossed at said railroad crossing, and that as he was at the railroad crossing he made an observation as to whether from that point, where he had seen the defendant walking back and forth, he could see the home of the deceased Herring. To this witness the State's attorney then propounded the following question:

"State whether or not you could see Mr. Herring's (the deceased) home from the place where you were;" The question was objected to by the defendant on the grounds that it did not tend to prove malice, premeditation, nor an intent to take the life of Herring or any human being, nor is it germane to any issue in the case. The objection was overruled and the ruling excepted to, and such ruling is assigned as error No. 5. There was no error in this ruling. The evidence sought thereby, when coupled with other evidence adduced in the case to the effect that the deceased Herring conducted a mercantile business in a building near the place where he was killed, and was in the daily habit of going from his home to his place of business about the time that he was killed, and that the defendant was in a position to know of this habit, tended to show that the defendant was on the lookout for the deceased, and for an opportunity to kill him, and, therefore, tended to show premeditated design.

To Mrs. Herring, the wife of the deceased, while testi-

fying as a witness for the State, the following question was propounded: "Do you know what route Herring, the deceased, usually went to and from his store prior to his death?" The defendant objected to this question on the ground of irrelevancy and immateriality. The objection was overruled, and the ruling excepted to, and this ruling is assigned as the 6th assignment of error. After replying in the affirmative to the above question, the following question was propounded to the witness: "State what that route was?" Objection was also made to this last question that was also overruled, and the ruling excepted to, and this ruling is assigned as the 7th error.

For the reason stated in the discussion above of the 5th assignment of error, there was no error in either of these assignments. The witness in reply gave a route for the deceased in his usual passage back and forth from his home to his store that took him by the spot where he met his death at the hand of the defendant. Both questions objected to sought to ilicit evidence that when coupled with all the other evidence in the case, tended to show a lying in wait by the defendant for his victim, and were properly admitted. To the wife of the deceased, after she had testified to the existence for aout two years of an illicit intercourse between herself and the defendant, was propounded the following questions: "Did you tell your husband of this relation?" "Before his death did you tell your husband of that condition of affairs?" Both questions were objected to, the objections thereto overruled, the ruling excepted to, and such rulings are assigned as the 8th and 10th assignments of error. There was no error in either of these rulings. The evidence sought tended to prove the existence of hostile feeling between the defendant and the deceased, and, therefore tended to show motive for the crime, and was properly

admitted. Bonner v. State, 67 Fla. 492, 65 South. Rep. 663; Maloy v. State, 52 Fla. 101, 41 South. Rep. 791; Smith v. State, 48 Fla. 307, 37 South. Rep. 573; Andrews v. State, 62 Fla. 10, 56 South. Rep. 681; White v. State, 59 Fla. 53, 52 South. Rep. 805; Whidden v. State, 64 Fla. 165, 59 South. Rep. 561.

To the witness Mrs. L. B. Herring the following question was propounded by the State: "Prior to your husband's death was there an illicit or adulterous relation between you and the defendant Childers?" To this question the defendant objected, the objection was overruled and exception taken and this ruling is assigned as the 9th assignment of error.

There was no error in this ruling. The testimony sought was legitimate as it tended to show the motive of the defendant for committing the homicide. Johnson v. State, 24 Fla. 162, 4 South. Rep. 535.

The wife of the deceased after testifying to numerous adulterous interviews between herself and the defendant stated in effect that the first instance of such illicit intercourse between herself and the defendant occured sometime in January or February somewhere in the woods between Madison and Pinetta as she was riding with the defendant at night towards Pinetta where she lived, when the following question was propounded to her by the State: "Where were you going?" To which she replied "going home." To this question objection was made, the objection was overruled, and this ruling is assigned as the 11th error: The same witness after testifying to a separation between her husband (the deceased) and herself, testified further that there had been a reconciliation between them,—Her testimony as to the reconciliation the defendant moved to strike out. The motion to strike

was overruled and exception taken, and this ruling is assigned as the 12th error.

We fail to see the pertinency or relevancy of the matter embraced in either of the last mentioned assignments of error, and because of their immateriality and lack of pertinency to any issue in the case we wholly fail to see any harm that could have resulted to the defendant therefrom, and we must therefore hold that if error there was in these rulings, we cannot adjudge it to be reversible error. Seymour v. State, 66 Fla. 133, 63 South. Rep. 7; Bell v. State, 65 Fla. 505, 62 South, Rep. 654.

The 16th, 17th and 18th assignments of error all involve rulings of the court sustaining objections of the State to questions propounded by the counsel for the defendant to him as a witness on his own behalf, that sought to show that the illicit intercourse between him and the wife of the deceased was brought about by the solicitations of the wife. The defendant may find some consolation in knowing that according to Holy Writ the same excuse was advanced by our first parent Adam in the Garden of Eden, but as the excuse was of no avail to Adam, so we must hold here that it furnishes this defendant with no sort of palliation for the sin of his intercourse with his neighbor's wife; neither is it in the remotest degree either pertinent or relevant to any issue in this case involving his guilt or innocence in the slaying of such woman's husband, and we must, therefore, hold that there was no error in its exclusion.

The defendant as a witness on his own behalf, after testifying that he had shot the deceased, was asked the two following questions by the State on cross-examination "Did you stay in Pinetta that morning?" "Where did you go?" The two question were objected to by the defendant, the objections were overruled, and such

rulings are assigned as the 19th and 20th assignments of error. There was no error here. Any testimony, that tends to prove that suspected person in any manner endeavors to escape or evade a threatened prosecution, by flight, concealment, resistance to a lawful arrest, or other *ex post facto* indication of a desire to evade prosecution, is properly admissible as one of a series of circumstances from which' guilt may be inferred. Carr v. State, 45 Fla. 11, 34 South. Rep. 892.

We cannot agree with counsel for the defendant that the questions objected 'to was a line of inquiry so foreign to the evidence brought out on the direct examination of the witness as to make them improper on the cross-examination of the witness. The witness was the defendant himself, and in his direct testimony, he had gone quite fully into his personal movements both before and after the tragedy, and the questions objected to sought only for a further elaboration of, his movements after the homicide and were properly admitted.

The 21st, 22nd and 24th assignments of error are abandoned by the plaintiff in error.

The 23rd assignment of error complains of the sustaining of the State's objection to the following question propounded by the defendant to one of his witnesses, W. J. Woodward, after the witness had testified that he had a conversation with the deceased some time before his death in reference to an alleged shooting at the defendant by the deceased some time before: "Now state what the conversation was?" Whether there was error or not in this ruling, the defendant cannot complain of it here, since the bill of exceptions shows that the witness answered the question fully notwithstanding the court's adverse ruling on the question propounded. The defendant got the full benefit of the witness' answer to the

question, even though the question eliciting it was disallowed, and said answer was not stricken out, and cannot, therefore, complain of the ruling disallowing the question.

The 25th assignment of error complains of the court's denial of the defendant's motion for a new trial. All of the grounds of this motion have practically been disposed of in discussions of the other errors assigned, except the one ground thereof "that the verdict is not supported by the evidence," at least none of the other grounds thereof are discussed or presented in the briefs for the defendant filed here, except the one ground above mentioned. As to this ground the rule prevailing here as laid down in Smith v. State, 66 Fla. 135, 63 South. Rep. 138, is as follows: "An appellate court should not grant a new trial upon the ground of the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some substantial evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may fairly have been found on it." McClellan v. State, 66 Fla. 215, 63 South. Rep. 419; Andrews v. State, 65 Fla. 377, 61 South. Rep. 975; Padgett v. State, 64 Fla. 389, 59 South. Rep. 946; Chancey v. State, 68 Fla. 93, 66 South. Rep. 430; Hagan v. State, 66 Fla. 268, 63 South. Rep. 443; Bexley v. State, 59 Fla. 6, 51 South. Rep. 278.

Another rule prevailing here as elsewhere is that: "A verdict will not be set aside by an appellate court where the propriety of the verdict depends not upon the lack of evidence, but upon the credibility or weight of conflicting testimony." McDonald v. State, 56 Fla. 74, 47 South. Rep. 485.

Without discussing in detail the evidence in the case, we find that the rules above announced apply, and governed by such rules, we do not feel justified in setting

aside the verdict on the ground that it is not supported by the evidence, and finding no other reversible error, the judgment of the court below is hereby affirmed, at the cost of the plaintiff in error.

BROWNE, C. J., AND WHITFIELD AND ELLIS, J. J., concur.

WEST, J., disqualified.