LUCY BOYINGTON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed May 10, 1919.

1. A verdict will not be set aside by an appellate court where the propriety of the verdict depends, not upon the lack of evidence, but upon the credibility or weight of conflicting testimony.

2.  The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict, or because the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the Appellate Court that it is wrong and unjust.

3.  Where the evidence is conflicting, but there is positive testimony, which the verdict indicates the jury believed, that is amply sufficient to sustain the verdict, and there is nothing to show that the jury were not governed by the evidence, the verdict will not be disturbed, particularly when it is the second verdict for the same grade of offense.

A Writ of Error to the Circuit Court for Bay County; D. J. Jones, Judge.

Judgment affirmed.

*R. Pope Reese,* for Plaintiff in Error.

*Van C. Swearingen, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

WHITFIELD, J.—In this case a conviction for manslaughter on an indictment for murder was reversed for material error of procedure. Boyington v. State, 74 Fla. 258, 76 South. Rep. 774.

This writ of error was taken to a second judgment of conviction for manslaughter. The only contention here is that the verdict is contrary to the evidence.

This court will not reverse the decision of a trial court in refusing a new trial on the ground that the verdict is contrary to the evidence, unless the preponderance or

want of evidence is such that the verdict must have been produced by considerations other than a due respect to the evidence· Kelly v. State, 39 Fla. 122, 22 South. Rep. 303.

A verdict will not be set aside by an appellate court where the propriety of the verdict depends, not upon the lack of evidence, but upon the credibility or weight of conflicting testimony. Childers v. State, 74 Fla. 288, 77 South. Rep. 99; Barker v. State, 74 Fla. 95, 76 South. Rep. 676.

An appellate court should not grant a new trial upon the ground of the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some substantial evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may fairly have been found on it. Where there is evidence from which all the elements of the crime may legally have been found or inferred, and it does not appear that the jury were not governed by the evidence, the verdict will not be disturbed by the appellate court on the ground of the insufficiency of the evidence. Thomas v. State, 73 Fla. 115, 74 South. Rep. 1.

The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict, or because the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust. Padgett v. State, 64 Fla. 389, 59 South. Rep. 946. See also Smith v. State, 66 Fla. 135, 63 South. Rep. 138; McClellan v. State, 66 Fla. 215, 63 South. Rep. 419; Andrews v. State, 65 Fla· 377, 61 South. Rep. 975; Mayo v. State, 64 Fla. 95

59 South. Rep. 861; Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280.

The evidence in this case is conflicting; but there is positive testimony, which the verdict indicates the jury believed, that is amply sufficient to sustain the verdict; and as there is nothing to show that the jury were not governed by the evidence, the verdict will not be disturbed, particularly when it is the second verdict for the same grade of offense, the former conviction being reversed for an error of law in the proceedings.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, JJ., concur.