JACK McCLELLAN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 28, 1913.

1. While the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial, may by appropriate proceedings be reviewed by an appellate court; yet conflicts in competent testimony, the weight of legal evidence and the credibility of competent witnesses are primarily for the determination of the jury; and where there is some substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were not governed by the evidence, a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed by the appellate court.

2. Where there is substantial evidence that the accused assaulted another with a knife and cut him in a number of places on his person under such circumstances that if death had resulted therefrom, it would have constituted murder at least in the second degree, a verdict of assault with intent to commit murder in the second degree will not be disturbed, no errors of law or procedure being shown.

Writ of error to Circuit Court, Jackson County; D. J. Jones, Judge.

Judgment affirmed.

*Thos. E. Walker, Amos E. Lewis* and *Avery & Price,* for Plaintiff in error;

*T. F. West,* Attorney-General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—Plaintiff in error was indicted for an assault with intent to commit murder in the first degree and convicted of an assault with intent to commit murder in the second degree. The only question he presents on this writ of error taken by him is whether the evidence is legally sufficient to support the verdict, the judgment being in accord with the verdict.

While the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial, may by appropriate proceedings be reviewed by an appellate court, yet conflicts in competent testimony, the weight of legal evidence and the credibility of competent witnesses are primarily for the determination of the jury; and where there is some substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were not governed by the evidence, a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed by the appellate court. McDonald v. State 56 Fla. 74, 47 South. Rep. 485; Posey v. State, 58 Fla. 92, 50 South. Rep. 530; Teal v. State, 43 Fla. 580, 31 South. Rep. 282; Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4; Tatum v. State, 49 Fla. 67, 38 South. Rep. 601.

There is substantial competent testimony that the defendant below assaulted and with a knife cut the

prosecuting witness in a number of places on his person, under such circumstances that if death had resulted therefrom, it would have constituted murder at least in the second degree. This being so a verdict of assault with intent to commit murder in the second degree may lawfully have been found, and such a verdict having been found by the jury and approved by the trial court, it will not be disturbed here. Pyke v. State, 47 Fla. 93, 36 South. Rep. 577; Harmon v. State, 48 Fla. 44, 37 South. Rep. 520; Revels v. State, 33 Fla. 308, 14 South. Rep. 821.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.