C. W. HUNT COMPANY *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

BOSTON ELEVATED RAILWAY COMPANY *vs.* C. W. HUNT
COMPANY.

Suffolk.    January 22, 23, 1914. — March 31, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, DE COURCY,
& CROSBY, JJ.

*Practice, Civil,* Auditor's report, Order for recommittal to auditor.    *Interest.*
*Damages,* Recoupment.    *Words,* "Further hearing," "Mistrial."

The words "further hearing" used in a rescript of this court, unless expressly
limited, ordinarily import a new trial involving the introduction of evidence
upon those matters as to which the new or further hearing is to be had.

The word "mistrial" commonly is used, not to indicate a mere erroneous ruling,
but to designate the existence of such fundamental errors at a trial as to vitiate
the result.

Where by a rescript of this court in an action of contract a further hearing before
an auditor is ordered upon certain claims for damages, and, after a recom-
mittal of the case, the auditor reports that as to a certain part of a period of
inexcusable delay, "no further evidence was introduced before" him "by either
party covering any portion" of the time in question, although a formal offer of
proof was made by one of the parties for the purpose of protecting its rights
upon an appeal from the order of recommittal, the finding of the auditor in
his new report is not impaired because after the order of recommittal no further
evidence was heard by him as to the period in question, and upon such final
report of the auditor the case may be ripe for judgment.

After an action of contract has been heard by a judge upon an auditor's report, and
the judge makes a finding that a fair trial has been had before the auditor and a
just conclusion has been reached by him as to the question of liability and as to
some of the elements of damage, the judge properly may make an order recom-
mitting the case to the auditor and limiting by such order the new hearing be-
fore the auditor to certain other elements of damage which the judge finds not
to have been determined already.

In an action of contract, where the defendant claims damages in recoupment, and
it appears that the plaintiff is entitled to recover the net amount of the damages
proved by him after the deduction of the amount of the damages proved by
the defendant on his claim in recoupment, if the plaintiff is allowed interest
on the whole of his claim, the defendant is entitled to be allowed interest on
the amount of damages in recoupment proved by him, this producing the
same result as if the plaintiff were allowed interest from the date of the writ
on the net amount to be recovered by him.

In an action of contract for the breach of an agreement in writing, where the de-
fendant has claimed damages in recoupment and also has brought a cross action
for a breach of the same agreement by the original plaintiff, the fact that the de-

fendant has been allowed to prove certain damages in recoupment in the first action is no reason why he should not be allowed to recover other damages in his cross action, especially where the two cases are tried together and all the claims of each party have been passed upon and determined.

SHELDON, J.  It was settled by the former decision in this case (199 Mass. 220) that in the hearing before the auditor there had been a mistrial on the question of damages.  The auditor's findings of fact by the agreement of the parties were to be final.  Accordingly it was ordered that the case should be recommitted to him for three purposes: (1) to correct an error in the allowance of interest on the sums found due to the Hunt Company for extras.  This has been done, and as to this no question is made by either party.

In the second and third matters, there was to be a further hearing (2) on the damages suffered by the railway company from the cracks in the frames of the engines, and (3) on the damages suffered by the railway company from the Hunt Company's "inexcusable delay" for seven months.  The first question now raised is whether upon the recommittal to him the auditor acted rightly in refusing to hear any new evidence and in considering, for the correction of his errors in law, only the evidence which he originally had heard and the findings which he had made thereon.

The decision reached when the case formerly was before us was stated in the rescript; the opinion reported in 199 Mass. 220 was a statement of the grounds and the reasoning upon which that decision had been reached.  The decision was that there must be a further hearing on certain claims for damages made by the railway company.  For explanation of the significance of the decision and of the effect which it was to have, resort may be had to the opinion.  Looking at the whole of that opinion, it seems plain to us that it went upon the ground not only that the auditor had made certain rulings upon these questions of damages which were erroneous, but that as to one part of these questions one or both of the parties, in the hearing before the auditor, had proceeded upon a misapprehension of their rights.  As to the damages to be allowed for the cracks in the frames of the engines, the second report of the auditor confirms the view that this was the case.  To correct the errors, justice required a "further hearing."  These words, unless expressly limited, ordinarily import a new

trial of those matters as to which the new or further hearing is to be had. That this was their meaning here was manifest, both from the fact that in that opinion the further hearing ordered was spoken of as a "new trial," and because it was expressly said: "At the new trial there may be more evidence bearing directly on the value of the use of the towers, and on all these matters." (199 Mass. at p. 238.) The word "mistrial" used in that opinion on page 233 leads to the same conclusion. That word, as was pointed out by the present Chief Justice in his memorandum of July 15, 1910, recommitting the case to the auditor for a third report, is not commonly used to indicate a mere erroneous ruling of law, but to specify such fundamental errors in a trial as to vitiate the result. This error however was in part cured when the case was heard anew by the auditor, and it was agreed that damages from the cracks in the frames of the engines, if further evidence could be received on this subject, properly would be assessed at $700; and they were so assessed.

For the reasons above stated and those set forth in the former opinion already referred to, we consider that this was correct, and do not deem it necessary to discuss the matter further.

We are of opinion also, although this conclusion has been reached with more hesitation and without passing upon the language of the second report, that it does now appear that, as to that part of the seven months' inexcusable delay when abnormal conditions prevailed, a fair trial has been had and conclusions of fact have been reached which do not involve any error of law and which are not open to revision by us. This applies now, since the making of the third report, to the vessels Platea, Meridian and Britanic; and we are of opinion also that upon the final report of the auditor the cases now are ripe for judgment. It is true that when, after the second order of recommittal the cases were heard again before him, he as auditor heard no further evidence as to that part of the period in question when normal conditions prevailed. But his report states that "no further evidence was introduced before" him "by either party covering any portion" of the time in question. The railway company did indeed make a formal offer of proof, some parts of which, if they had been offered generally, would have been competent under the order of recommittal. But this offer was expressly made for the purpose of pro-

tecting the rights of that company upon the appeal which it had taken from the provisions of the order limiting the scope of the order of recommittal. Neither party introduced or sought to introduce any evidence (other than what was covered by the agreements of the parties) under or in pursuance of the order of recommittal.

We are of opinion that the single justice* had authority to limit his order of recommittal in the way that he did, upon his finding that a fair trial had been had and a just conclusion reached as to those matters which he excluded from the scope of his order. The case before him was not the same that had been presented to and decided by the full court. The case had been recommitted.to the auditor under that decision, and he had made a second report which contained the statement of additional facts and evidence. If upon the new facts the justice saw that there ought to be a recommittal of the cases in whole or in part, he was at liberty to make such an order. And, after a careful examination of the second report and of the reasons assigned in the motions for its recommittal and a weighing of the arguments that have been addressed to us, we have reached the conclusion that his action was right and ought not to be reversed.

Many of the criticisms that have been made upon the reports relate to questions of fact. But we cannot say that the findings made were unwarranted.

We regard it as settled that the railway company is entitled to recover the damages assessed for the cracks in the engine frames. The misapprehension of the parties as to the course to be taken about these and the error of law into which the auditor thereby was led have been corrected. They do not amount to an estoppel or prevent justice from being done. So too the allowance of damages for loss of economic operation during the period when normal

---

* The order of recommittal was made by *Rugg,* C. J., and was as follows: "The case is recommitted for the sole purpose of a further hearing upon evidence, and a decision as to the damages sustained by the Boston Elevated Railway Company from the cracks in the engine frames, and during that portion of the period of 'inexcusable delay' when normal conditions prevailed in the port of Boston and from the vessels Platea and Meridian and from the Britanic if the finding as to her rests upon the same charter party provisions as in the case of the Platea and Meridian."

conditions prevailed was proper. This also is settled by the former decision. And the finding of fact does not appear to be unwarranted.

Interest on the amount allowed to the defendant in the first action by way of recoupment was allowed properly. The net amount which the plaintiff in that action was entitled to recover was the net amount of its proved claim less the damages allowed in recoupment. The same result would have been reached if, after the date of the writ, the plaintiff had been allowed interest upon only the net amount which it recovered. The method adopted here has the same effect. As to the $700 allowed for the cracks in the engine frames, it now must be taken that this sum was to be deducted from what was due to the plaintiff as of the date of its writ. For similar reasons, interest is to be allowed to the railway company in the action brought by it, upon the amounts found in its favor, as stated in its motion for judgment.

We are not impressed by the claim of the Hunt Company that the railway company should not be allowed at the same time to recover in its cross action and to prosecute its other demands in recoupment, even though all the demands set up grow out of the Hunt Company's breach of the same agreement. That contention of the Hunt Company is purely a technical one. The two cases have been heard and argued together. All the claims of each party have been passed upon and determined, and conclusions have been reached which are not the less likely to be just that neither party is satisfied with them. Those conclusions ought not to be avoided and this litigation protracted upon a mere question of pleading, which does not go to the real rights of the parties and has not prevented a full consideration and determination of those rights. The cases come within the spirit of St. 1913, c. 716.

We have not thought it necessary to discuss all the points that have been raised, but all the arguments of counsel have been carefully considered.

In each case judgment must be entered in accordance with the order made by the single justice, but with additional interest for the time that has since elapsed.

*So ordered.*

*E. F. McClennen,* for the C. W. Hunt Company.
*A. P. Stone,* for the Boston Elevated Railway Company.