FRANK CHANCEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 21, 1914.

1. Under the laws of this State a judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors of procedure, unless it shall appear from an examination of the entire cause, that the error has injuriously affected the substantial rights of the complaining party; and a judgment will not be reversed in appellate proceeding on the ground that the evidence is insufficient to support the verdict, where there is substantial legal evidence to sustain the verdict, and it does not appear that the jury were not governed by the evidence in making their finding.

2. The court may permit a child witness to testify preliminarily and then direct the jury to disregard the testimony admitted, no substantial rights of the defendant being thereby injuriously affected.

3. A refusal of the trial court to permit the jury to view the *locus in quo* will not be reviewed where no abuse of discretion is shown.

4. Circumstantial evidence may sustain a conviction of manslaughter.

Writ of error to Cricuit Court for Holmes County; D. J. Jones, Judge.

Judgment affirmed.

*Mathis, Price & Weeks,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—Upon an indictment for murder, Frank Chancey was convicted of manslaughter. On writ of error it is contended that the trial court erred in permitting a minor eight or ten years old to testify; in refusing to let the jury view the premises; in striking testimony as to certain tracks across a field near the scene of the homicide and in denying a new trial on the ground of the insufficiency of the evidence to sustain the verdict.

Under the laws of this State, a judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors of procedure, unless it shall appear from an examination of the entire cause, that the error has injuriously affected the substantial rights of the complaining party; and a judgment will not be reversed in appellate proceeding on the ground that the evidence is insufficient to support the verdict, where there is substantial legal evidence to sustain the verdict and it does not appear that the jury were not governed by the evidence in making their finding.

In view of the circumstances of this case the errors assigned and argued are not of such a nature as to justify the granting of a new trial.

In first testing the competency of the child witness and allowing him to testify to some extent over an objection that he was not qualified, and then holding the child not qualified and at the request of counsel for the defendant, directing the jury to "disregard the testimony of this little boy," the trial court did not abuse its discretion, and the admission of the testimony preliminarily could not reasonably have injuriously affected any substantial rights of the plaintiff in error.

In denying an application for a view by the jury of the place where the homicide is stated to have occurrel, the court cannot be held to have abused a sound discretion under the circumstances of this case.

The striking of testimony as to tracks that had no apparent bearing on the issue and no such materiality as to make its exclusion injurious to the accused was not reversible error.

The evidence is circumstantial and to some extent conflicting, but it is legally sufficient to sustain a verdict of manslaughter, and it does not appear that the jury were not governed by the evidence. The conflicts in the testimony and the credibility and probative force of the evidence having been determined primarily by the jury within their province, and the verdict having been approved by the trial court in denying a motion for new trial, the appellate court will not reverse the judgment of conviction, the evidence being sufficient in law to sustain a verdict of homicide and no material or injurious errors of procedure being made to appear.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.