DICK BELLINBER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed Dec. 10, 1915.

The credibility of testimony is primarily determined by the jury and where the evidence is ample to sustain a verdict, and there is nothing to indicate that the jury were not governed by the evidence, the verdict will not be disturbed by the appellate court on the ground that it is contrary to the evidence and to the law.

Writ of Error to Circuit Court, Suwannee County, M. F. Horne, Judge.

Judgment affirmed.

*L. E. Roberson,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The plaintiff in error was convicted of the larceny of a steer, and took writ of error. The

only contention here is that the verdict is contrary to the evidence, and contrary to the law and the evidence.

Steve Greene, a witness for the State, testified that while he was riding along hunting for his father's cows he heard a dog bark. He looked and saw a dog "and saw one of the men lying down, didn't know which one he was—had on a blue jumper; and Dick Bellinger, I saw him; and the cow was under some bushes, with his feet sticking out." Q. "You saw Dick Bellinger * there, and one other party?" A. "Yes, sir." Q. "You recognized Dick, did you?" A. "Yles, sir." On cross-examination: Q. "How close were you?" * * A "Between twenty and twenty-two steps, about twenty-two steps." Q. "And was there anything at all out there between you and where these parties were?" A. "When I saw them? Nothing, only the dogs." "One of them was lying down, and the other was just starting to lie down." "Dick Bellinger was just lying down, and the party that was lying down I could not see his face." "I saw Dick a-lying down." "He was just starting to lie down when I saw him." "There were bushes out there, but wasn't between me and them." "There were bushes right side of them." Q. "And you saw the parties and saw they were hiding from you, didn't you?" A. "Yes, sir." Q. "Are you sure that that was Dick Bellinger you saw there that day?" A. "Yes, sir." Q. "You are positive about that are you?" A. "Yes, sir." Being recalled for further cross-examination, the witness was asked: "Mr. Greene, do you know Mr. F. R. Stroud?" A. "Yles, sir." Q. "On the day that this larceny is said to have occurred, late that afternoon or the next day at Ellaville, did you make the statement in his presence and Oscar Miller and Dick Bellinger that you had ridden up there and had seen several

persons there, and you could not tell who any of them were?"   A.  "No, sir."

F. R. Stroud was called as a witness for the defendant and testified that late in the afternoon of the day or the next day after the alleged larceny, he saw, at Ellaville, Mr. Steve Greene and was asked: "Did you hear him, then and there, in the presence of Oscar Miller and Dick Bellinger and yourself and several others standing around, make the statement that when he rode up near where the steer was, he saw several parties, but he could not recognize who any of them were?"   A. "Yes, sir, that is exactly what he said."   For the plaintiff in error it is argued that the quoted testimony of the witness Stroud "was calculated at least to raise a reasonable doubt as to the guilt of Dick Bellinger;" that "the entire record * does not connect the defendant with the case except as to the testimony of Steve Greene.   All the other evidence which may appear suspicious is explained away by Dick Bellinger and the witnesses which he called to the stand and Chainey Bellinger, his wife."

The testimony of the witness Stroud as to what the witness Greene had said in his presence about not recognizing any of the several parties he saw where the steer was lying at the time of the alleged larceny, went to the probative force of Greene's testimony that he recognized Dick Bellinger, the defendant below, as one of the persons whom he saw there.   The credibility of the testimony was for the jury to determine.   The witness Greene testified repeatedly and most emphatically that he saw Dick Bellinger on the scene of the alleged larceny; and further testified to circumstances showing that the conduct of Bellinger and the other person whom he saw there with him was of a suspicious nature.   This testimony

has some support in circumstances stated in other testimony, and the jury by their verdict determined as it was within their province to do, that such suspicious circumstances were not "explained away by Dick Bellinger and the witnesses" for the defendant below. There is positive testimony as to the identity of the accused, and there is ample evidence to sustain the verdict.

The judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ., concur.

COCKRELL, J., absent on account of sickness.