HERBERT SPANISH AND ROSA SPANISH, *alias* ROSA SMITH, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed Nov. 21, 1916.

1. While the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial, may by appropriate proceedings be reviewed by an appellate court, yet conflicts in competent testimony, the weight of legal evidence and the credibility of competent witnesses are primarily for the determination of the jury; and where there is some substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were not governed by the evidence, a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed by the appellate court.

2. Where charges given to the jury are assigned as error they can not be considered unless excepted to in the court below in some one of the modes provided by law.

Writ of Error to Circuit Court, Duval County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*F. D. Brennan*, for Plaintiffs in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

SHACKLEFORD, J.—Herbert Spanish, John Spanish, Rosa Spanish, *alias* Rosa Smith, and Dude Smith were jointly indicted and tried for the crime of murder in the first degree, which trial resulted in the conviction of Herbert Spanish and Rosa Spanish, *alias* Rosa Smith, of such crime, with a recommendation to the mercy of the court, and the acquittal of John Spanish and Dude Smith.

The only assignment which is presented to us is the overruling of the motion for a new trial, which questioned the sufficiency of the evidence to support the verdict. A careful examination of the evidence impels us to the conclusion that it is amply sufficient. As we held in McClellan v. State, 66 Fla. 215, 63 South. Rep. 419, following numerous prior decisions of this court: "While the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial, may by appropriate proceedings be reviewed by an appellate court, yet conflicts in competent testimony, the weight of legal evidence and the credibility of competent witnesses are primarily for the determination of the jury; and where there is some substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were not governed by the evidence, a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed by the appellate court."

An attempt is made to question the correctness of a portion of the general charge, but as no exception was taken to such portion of the charge either at the time it was given or in the motion for a new trial, such charge is not properly before this court for review. See Williams v. State, 32 Fla. 251, 13 South. Rep. 429, wherein we held as follows: "Where charges given to the jury are

assigned as error they can not be considered unless excepted to in the court below in some one of the modes provided by law."

It follows that the judgment must be affirmed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.