Capello v. The State of Florida—Syllabus.

ANDREA, ALIAS ANDREW, ALIAS HENRY CAPELLO, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 24, 1921.

Petition for Rehearing Denied December 19, 1921.

1. The unexplained possession of recently stolen goods is sufficient basis for a verdict of guilty upon a charge of larceny of such goods.

2. The question of whether an explanation made by one found in possession of recently stolen goods when he is upon trial charged with the theft of such goods is reasonable and credible, is one of fact to be considered by the jury in connection with all the other facts and circumstances submitted to them in the trial of the case.

3. Evidence of previous good character is not alone sufficient to exculpate one accused of crime, neither does it as matter of law raise a reasonable doubt of guilt. It may be considered together with all the other evidence adduced and if, when considered with all the other evidence, it creates in the minds of the jury a reasonable doubt of guilt, the accused should be given the benefit of the doubt.

4. A verdict will not be set aside by an appellate court where the propriety of such verdict depends not upon the lack of evidence but upon the credibility of conflicting evidence.

A Writ of Error to the Criminal Court of Record for Hillsborough County; W. S. Graham, Judge.

Affirmed.

*E. B. Drumright,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant, for the State.

WEST, J.—Information was filed in the Criminal Court of Record of Hillsborough County charging plaintiff in error and Frank Jones with breaking and entering a store building and with grand larceny. The information contains two counts, the first charging both defendants with breaking and entering, the second charging both with grand larceny. On a trial the verdict returned found Frank Jones guilty as charged on both counts and plaintiff in error guilty as charged in the second count only. To the judgment imposing sentence plaintiff in error took writ of error from this court.

The assignments of error raise the question of the sufficiency of the evidence to support the verdict convicting plaintiff in error of grand larceny. No other question is presented.

From the evidence it appears that plaintiff in error and his brother conducted a grocery store in the City of Tampa. Within a few blocks of this store was located a bakery where Jones, the other defendant, had formerly been employed, but at the time of the commission of the alleged offense he was not so employed. On a Saturday night, some time after the hour of midnight, plaintiff in error and Jones entered the bakery, took from it eight sacks of flour worth more than twenty dollars, loaded them in a truck which was owned and used by plaintiff in error and his brother in the conduct of their business, and took the flour to the home of plaintiff in error where it was found on Wednesday following by officers who were in search of it. Jones had previously been taken into custody. When the flour was found in the possession of plaintiff in error he was also taken into custody.

That plaintiff in error participated in taking the flour from the bakery, that it was taken in the night time, carried away by him in a truck which was used by him and his brother, taken to his home and stored there in his residence where it was found in his possession four days later by officers, are facts proved by the State and admitted by him. In explanation of this taking and possession of the stolen property plaintiff in error says that he bought the flour from the defendant Jones and paid him for it, Jones having represented himself to be the owner, and plaintiff in error thought at the time that Jones was the owner and authorized to sell the flour. This explanation is concurred in by Jones who attempts to exonerate plaintiff in error. In a statement made by Jones at the trial he admits the unlawful taking of the flour himself, admits his own guilt, but asserts that plaintiff in error did not know when the flour was delivered to him that it was stolen. He admits on cross examination that at a preliminary examination in the case before a justice of the peace he gave an entirely different account, from which it appears that the two defendants were equally culpable.

The theft and possession by plaintiff in error of the recently stolen property being shown, the questions of intent and reasonableness and credibility of the explanation of such possession were for the jury, and it appears from the verdict that they did not give such credence to the explanation made as to raise in their minds a reasonable doubt of guilt which may be inferred from his possession of the stolen property. Kirkland v. State, 82 Fla. 119, 89 South. Rep. 356; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Jackson v. State, 49 Fla. 3, 38 South. Rep. 599; Leslie v. State, 35 Fla. 171, 17 South. Rep. 555.

Witnesses were examined in behalf of plaintiff in error who testified to his good character and reputation in the community in which he resided. Evidence of previous good character is not alone sufficient to exculpate one accused of crime, neither does it as a matter of law raise a reasonable doubt of guilt, but it may be considered together with all the other evidence adduced, and if, when considered with all the other evidence, it created in the minds of the jury a reasonable doubt of guilt, the accused should be given the benefit of the doubt. Mitchell v. State, 43 Fla. 188, 30 South. Rep. 803; Bacon v. State, 22 Fla. 51. The jury seem to have regarded the proof and admissions of participation in the taking and asportation of the stolen property by plaintiff in error of sufficient weight to warrant his conviction of the offense of grand larceny, notwithstanding his previous good character.

There is nothing in the record to indicate that the jury were influenced by considerations outside the evidence. It is a case where the jury have rejected the explanation of the accused, accepted the State's theory and convicted him. There is sufficient evidence of all the elements constituting the offense of which the plaintiff in error was convicted to support the verdict and the judgment will therefore be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.