MARK D. DAVIDSON, alias BUD DAVIDSON, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed April 2, 1930.

Petition for rehearing denied June 4, 1930.

*H. H. McDonald, Zack H. Douglas, Evans Haile* and *H. M. Hampton,* Attorneys for the Plaintiff in Error;

_Fred H. Davis,_ Attorney General, _Roy Campbell,_ Assistant, and _J. C. Adkins,_ Attorneys for the Defendant in Error.

BROWN, J.—Plaintiff in error was indicted for murder in the first degree, of one Forest Cribb, was convicted of murder in the second degree, and sentenced to twenty years in the penitentiary.

There were only two witnesses to the tragedy; and neither of them disinterested. They were the plaintiff in error and the widow of the man killed. The plaintiff in error claimed that he shot the deceased in self defense and his testimony tended strongly to support his claim. In the difficulty between the two men, plaintiff in error's right hand was, by a shot gun in the hands of the deceased, shot to pieces, and he was also seriously shot in the abdomen. His antagonist then went back into the store, and plaintiff in error went around to the rear of the store and, shooting through a window, killed him, but plaintiff in error claimed that when he did so, the deceased was trying to shoot him again. · The evidence showed, however, that Cribb's gun was then unloaded, having in it only the two empty shells when found by his dead body. Although the widow of the deceased was shown by the testimony of two witnesses to have made a contradictory statement as to which of the men fired the first shot, and while some portions of her testimony appear from the record somewhat inconsistent with one of the physical facts testified to by other witnesses, the jury evidently believed her testimony, which, on the whole, if true, was sufficient to sustain the verdict of conviction. Where there is irreconcilable conflict in the testimony, it is for the jury to say what testimony they will believe and what they will disbelieve. They are the judges of the credibility of the testimony. They have the witnesses before them and the oppor-

tunity, not only to hear their testimony and the tone and inflections of their voices, but to observe their demeanor on the stand, and their manner when testifying. The appellate Court has before it only the cold record of the language used. It is therefore seldom the case that an appellate court is justified in setting aside the verdict of a jury, where, although there is conflict in the testimony on material issues, the jury had before them sufficient testimony, which reasonable men *could* give credit to, and which, if believed, was sufficient to sustain their verdict. While the verdict appears to us in the light of all the evidence a rather harsh one, we cannot say, after a study of this evidence, that a jury of reasonable men could not have reached the verdict which was found, or that they were influenced by considerations outside of the evidence. Davis v. State, 95 Fla., 259, 116 So. R. 226. Furthermore, the trial judge, who also had the opportunity of hearing the testimony, declined to set the verdict aside. We cannot say that he was in error in so doing. The denial of the motion for new trial on the ground of the alleged insufficiency of the evidence, being the only assignment of error insisted upon in argument, the judgment must stand affirmed.

Affirmed.

WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., not participating.