J. P. TEAL *v.* STATE.

161 So. 422.
Division B.
Opinion Filed May 18, 1935.

*Clyde E. Mayhall,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case plaintiff in error was town marshal of the Town of Graceville, Florida, and killed one W. F. Everedge by shooting him with a pistol. He defended upon the theory of self defense.

It was not contended that the homicide was justifiable under the provisions of Section 5033 R. G. S., 7135 C. G. L., applying to homicides committed by public officers, so the fact that the accused was town marshal is only an incident and has no controlling bearing on the case.

The accused was indicted charged with murder in the second degree and was convicted of manslaughter.

Plaintiff in error in his brief states that there are three questions to be determined. The first is, "Upon trial under

indictment charging second degree murder where the defense is that of self defense, is it error for the court to ask the defendant while a witness in his own behalf the question, 'At the time you shot the deceased, could you have avoided it by backing off?'" The second question is practically to the same effect, and the third question is, "Was there any duty upon the defendant under the circumstances in this case, to retreat or back off before firing the fatal shot?" The latter question was evidently answered by the jury against the contention of the defendant.

It is well settled in this State that self defense is not shown where defendant killed the deceased before using all reasonable means in his power and consistent with his own safety to avoid danger and avert the necessity of taking the life of deceased. Doke v. State, 71 Fla. 633, 71 Sou. 917, and cases there cited.

The evidence is conflicting as to who was the aggressor in bringing on the difficulty, that is as to who struck the first blow. It appears from the evidence that the acused was cut in the arm. The record also shows that he struck the deceased over the head with his "billy" before shooting him with a pistol. We think that the question propounded by the court was a legitimate question to have been asked the witness either by his own counsel, by the state's attorney or by the Court. The harmful effect of the question came through the defendant's answer, which answer evidently indicated to the jury that the defendant could have avoided the necessity of shooting the deceased without danger to himself. His answer was, "Well, I could have by running, I guess, Judge."

. The record revealed no reversible error and the verdict and judgment is amply supported by the evidence.

The judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., concurs in the opinion and judgment.

BROWN and DAVIS, J. J., concur in the result.

DAVIS, J., concurring.—I can't agree to the suggestion that a town marshal has to turn around and run away from every hostilely inclined person who insists on starting a row with him because such officer has had to arrest some relative or friend. However, the officer in this case was evidently found guilty of shooting a man that he might have subdued with his club, so on the theory of guilty of use of unnecessary force and violence, I concur in the result.