ALTON DANLEY v. STATE.

184 So. 525.
Opinion Filed November 15, 1938.

*Stokes & Douglas,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

Per Curiam.—Alton Danley was convicted of manslaughter upon an indictment charging him with the murder of J. D. Turner and comes here upon writ of error complaining that the evidence is not sufficient to support the verdict.

The defendant admitted that he shot the deceased, but contended that he acted in self-defense. This contention was supported by the testimony of the defendant, Mrs. Effie Burns, and the defendant's brother, C. R. Danley. Several witnesses for the State testified that immediately after the shooting Mrs. Effie Burns said she was "stooping down picking up bottles" when the shooting occurred and she did not know who killed Turner.

Although the evidence produced by Alton Danley, C. R. Danley, and Mrs. Effie Burns might be sufficient to raise a reasonable doubt in the minds of the members of this Court, it cannot be said on this record that there was no substantial evidence from which the jury might lawfully have inferred the particular elements of manslaughter.

In Davidson v. State, 99 Fla. 732, 127 So. 342, it is said: "Where there is irreconcilable conflict in the testimony, it is for the jury to say what testimony they will believe and what they will disbelieve. They are the judge of the credibility of the testimony. They have the witnesses before them and the opportunity, not only to hear their testimony and the tone and inflections of their voices, but to observe their demeanor on the stand, and their manner when testifying. The appellate court has before it only the cold record of the language used. It is therefore seldom the case that an appellate court is justified in setting aside the verdict of a jury, where, although there is conflict in the testimony on material issues, the jury had before them sufficient testi-

mony, which reasonable men COULD give credit to, and which, if believed, was sufficient to sustain their verdict."

See also Robinson v. State, 69 Fla. 521, 68 So. 649; Bellinger v. State, 70 Fla. 464, 70 So. 438; McClellan v. State, 66 Fla. 215, 63 So. 419; Spanish, *et al.*, v. State, 72 Fla. 420, 73 So. 230; Andrews v. State, 65 Fla. 377, 61 So. 975; Smith v. State, 66 Fla. 135, 63 So. 138; Teal v. State, 119 Fla. 394, 161 So. 422.

After a study of the evidence we cannot say that a jury of reasonable men could not have reached the verdict which was found, or that they were influenced by considerations outside the evidence. Furthermore, the trial judge, who also had the opportunity of hearing the testimony, declined to set the verdict aside. We cannot say that he was in error in so doing. The denial of the motion for new trial on the ground of the alleged insufficiency of the evidence, being the only assignment of error insisted upon in argument, the judgment must stand affirmed.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating.