C. T. PERRY, Plaintiff in Error, v. STATE, Defendant in Error.

200 So. 525

Special Division B

Opinion Filed February 18, 1941

*Douglas & Schad, S. L. Scruggs* and *Ira J. Carter,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—The plaintiff in error, C. T. Perry, was indicted for first-degree murder by a grand jury of Alachua County, Florida. He was tried in March, 1940, and a verdict of murder in the second degree was returned. From a judgment of conviction and sentence to imprisonment in the State Penitentiary, this writ of error is brought.

The only questions raised by the plaintiff in error are as to the sufficiency of the evidence to sustain the verdict of second-degree murder and as to the refusal of the trial court to declare a mistrial for an allegedly improper question propounded by the State Attorney. The State has questioned the propriety of this Court reviewing an order denying a motion for a new trial when the record "affirmatively" shows such motion was not filed within the time required by law, to-wit: four days after verdict. See 4497 (2810) C. G. L.

It is not certain from the record just when the verdict was returned by the jury; but since the trial court denied the motion for new trial instead of dismissing it, we must presume, in the absence of a contrary showing by the record, that his ruling was correct and the motion was filed within the time limited by statute.

A careful study of the record discloses some conflict and disputes in the evidence submitted to the jury. The State contends that the accused fatally shot the deceased in a fit of rage because the deceased and his brother were attempting to remove a lamp shade belonging to deceased's wife; that he did not shoot them to repel any threatened or attempted injury to himself; and also that he shot both the deceased and his brother again when they were lying on the floor, after any possible danger of the accused being

injured had passed. The defendant admitted that he shot the deceased, but contended that he acted in self-defense.

The defendant's contention is supported by the testimony of his wife. Several witnesses testified the shots were fired in rapid-fire order, giving the defendant's contention further corroboration. However, it cannot be said on this record that there was no substantial evidence from which the jury might lawfully have inferred the necessary elements of second-degree murder. The testimony of the deceased's brother, who was himself shot by the defendant, is in direct conflict with the defendant's contention of self-defense. This testimony is strongly corroborated by the testimony of several witnesses living in the next apartment who heard the shooting and the conversation leading up to it. Their testimony is to the effect that the last shots were fired shortly after the first ones, but with noticeable period of time intervening.

Where there is conflict in the testimony, it is for the jury to say what testimony they believe and what they will disbelieve. Where there is legal evidence sufficient, if believed by the jury, to support the verdict, it will not be disturbed on appeal, there being nothing to indicate that the jury were influenced by considerations outside the evidence. See Davidson v. State, 99 Fla. 732, 127 So. 342; Brown v. State, 135 Fla. 90, 184 So. 777; Danley v. State, 135 Fla. 28, 184 So. 525; Davis v. State, 138 Fla. 798, 190 So. 259; Taylor v. State, 139 Fla. 679, 190 So. 691, 124 A. L. R. 835; and cases cited therein.

It is also contended by the defendant that the court erred in denying the defendant's motion for a mistrial because of an alleged improper question addressed to one of the witnesses by the State Attorney, to-wit:

"Q. Now, John, you told Mr. Scruggs about how many

times you have registered in various cities of the State. How long did you serve?

"To which last foregoing question counsel for defendant objects, upon the grounds that it is irrelevant and immaterial.

"The objection was sustained.

"Mr. Duncan: The mere fact that you only served nine months of a twelve months sentence—

"Whereupon counsel for the defendant objects to the last foregoing question, and asks the court to declare a mistrial on account of improper remarks of counsel to the jury.

"The objection was sustained.

"The motion for a mistrial was denied."

The purpose of showing a witness has been previously convicted of a crime is to affect his credibility. Madison v. State, 138 Fla. 467, 189 So. 832; Taylor v. State, *supra*. Where a witness has been impeached by proof of a prior conviction of crime, he may show the fact that he has served his time, or had been paroled or pardoned. Wharton's Criminal Evidence, Vol. 3, p. 2300. See Harris v. Commonwealth, 129 Va. 751, 105 S. E. 541; Smith v. Commonwealth, 161 Va. 1112, 172 S. E. 286; State v. Taylor, 172 La. 20, 133 So. 349. The State should have been permitted to ask the above question for the purpose of rehabilitating its witness and consequently there was no error in denying the motion for a mistrial. ·

The granting of a mistrial should be only for a specified fundamental or prejudicial error which has been committed in the trial of such a nature as will vitiate the result. See C. W. Hunt Co. v. Boston Elevated Ry. Co., 104 N. E. 728, 217 Mass. 319; Illinois Oil Co. v. Grandstaff, 246 P. 832, 118 Okla. 101. When such a fundamental or prejudicial error has been committed as will necessitate the granting of a new trial later, it is within the province

of the trial judge, upon proper motion, to grant a mistrial at that point. However, when an alleged error is committed which does no substantial harm and the defendant is not materially prejudiced by the occurrence, the court should deny the motion for a mistrial. See Daugherty v. State, 143 Fla. 578, 197 So. 501, certiorari denied, 61 S. Ct. 44. The granting of a mistrial effectively stops the proceedings when fundamental or prejudicial error has been committed, to save the time and expense of further procedure in the trial; but a mistrial should not be granted when the error committed is not prejudicial to the substantial rights of the defendant. When improper questions are asked a witness by counsel in the presence of the jury, the proper procedure is for the defendant to request the court to instruct the jury to disregard such objectionable remarks, and not that a mistrial be entered by the court, unless the remarks are such that instructing the jury to disregard them would not cure the error. Morris v. State, 100 Fla. 850, 130 So. 582.

Even if the State Attorney was in error in asking the above question, such error is not ground for reversal unless it is prejudicial. Chancey v. State, 68 Fla. 93, 66 So. 430; Street v. State, 76 Fla. 217, 79 So. 729; Jeffcoat v. State, 103 Fla. 466, 138 So. 385. A careful examination of the record fails to show the alleged error resulted in a miscarriage of justice. The errors assigned and argued are not of such a nature as to justify the granting of a new trial. See Walker v. State, 93 Fla. 1069, 113 So. 96.

The judgment should be affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, and CHAPMAN, J. J., concur.