## TONY LaBARBARA v. STATE OF FLORIDA

8 So. (2nd) 662                                           Division B
May 29, 1942                        Rehearing Denied July 6, 1942

Cyrus W. Fields, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attotrney General, for appellee.

CHAPMAN, J.:

The appellant, Tony LaBarbara, was informed against by the County Solicitor of Hillsborough County, Florida, for the violation of Section 7667 C.G.L. The crime was alleged to have been committed in Hillsborough County, Florida, on January 6, 1942. The appellant was arraigned and tendered a plea of not guilty, was placed upon trial and convicted, and a motion for a new trial made and denied and the appellant was sentenced to pay a fine of $500.00 and costs, or to serve six months in the county jail of Hillsborough County. An appeal has been perfected from said judgment of conviction to this Court.

Counsel for appellant contend that the information, while containing but a single count, charges three separate and distinct felonies: (1) conducting a lottery for money; (2) by lottery disposed of money; and (3) did sell shares or rights in a lottery drawing. An examination of the record discloses that the appellant on arraignment filed a plea of not guilty. If the information was faulty, it was the duty of the appellant to have challenged the sufficiency of the information by motion to quash prior to pleading to the merits. The attack on the information for the first time in this Court fails to disclose due diligence and is tantamount to a waiver, and these several

contentions are proscribed by Section 142 of the Criminal Code (Chapter 19554, Acts of 1939, Laws of Florida).

It is next contended that the evidence was legally insufficient to sustain the material allegations of the information, and the verdict and judgment entered in the Criminal Court of Record of Hillsborough County. The record discloses that two students were employed by the police department to purchase bolita tickets, and on the 5th of January, 1942, at the corner of Tampa and Fortune Streets, that each bought numbers "across the board." On the following day they returned to the same place of business and the appellant paid to each of them $20.00, as each had purchased the paying numbers. It is true that the defendant below on the witness stand denied having seen the State witnesses or that they entered the place of business where he worked and denied that he had had businss transactions with the two State witnesses. We think these disputes and conflicts in the testimony were for the jury under appropriate instructions. In the case of Perry v. State, 146 Fla. 187, 200 So. 525, this Court said:

"Where there is conflict in the testimony, it is for the jury to say what testimony they believe and what they will disbelieve. Where there is legal evidence sufficient, if believed by the jury, to support the verdict, it will not be disturbed on appeal, there being nothing to indicate that the jury were influenced by considerations outside the evidence. See Davidson v. State, 99 Fla. 732, 127 So. 342; Brown v. State, 135 Fla. 90, 184 So. 777; Danley v. State, 135 Fla. 28, 184 So. 525; Davis v. State, 138 Fla. 798, 190 So. 259;

Taylor v. State, 139 Fla. 542, 190 So. 691, 124 A.L.R. 835; and cases cited therein."

It is next contended that the State witnesses are spotters, stool pigeons and accomplices and for these reasons it was the duty of the trial court to charge the jury in accordance with the utterances of this Court in the case of Harrison v. State, 149 Fla. 365, 5 So. (2nd) 703. We are unable to agree to this conclusion as presented by counsel for appellant.

It is next contended that the instructions of the court to the jury upon the law of the case were not only vague, indefinite and insufficient, but failed to conform with the several provisions of Section 215 of the Criminal Code, *supra,* and the previous ruling of this court in Harrison v. State, *supra,* in that the charges as given did not cover "the laws of the case."

The following is the entire record of the proceedings from the time counsel completed their arguments until the jury retired:

"Gentlemen, I *think* you have all served on cases before involving these identical charges, so I will make these instructions just as brief as I can.

"Under this information, the State is required to prove that the defendant, Tony LaBarbara, on the 6th day of last January, in this county, either as principal, or agent for someone else, either unlawfully conducted a lottery for money or that by means of a lottery he did dispose of money, or that he did sell shares or rights in a lottery drawing; and, further, that the alleged lottery is commonly known as bolita.

"He is under the law presumed to be innocent, and the burden is upon the State to prove him guilty beyond a reasonable doubt; and you are the sole judges of the evidence.

"Have one of your members to sign the verdict, which you must all agree on.

"(Addressing counsel on both sides) Anything else?

"(*Counsel for both sides responded in the negative.*)" We have supplied the italics. We cannot approve this method of instructing the jury because it was not definitely shown that all of the jurors had in fact received appropriate charges in an identical prosecution and, which is more important, there is no way to determine from the transcript the sufficiency and propriety of those other instructions. Instructions to a jury should be complete without reference to ones given in other cases regardless of the similarity of the accusations.

Section 215 of the Criminal Code, *supra*, places an obligation on the presiding judge to "charge the jury only upon the law of the case at the conclusion of the argument of counsel." Privilege is accorded counsel to present requests for instructions to the jury and it is specifically provided that "No party may assign as error or grounds of appeal, the giving or the failure to give instruction, unless he objects thereto before the jury retires . . . ."

Although we do not sanction the manner of charging the jury followed in this case we are disposed to affirm the judgment because the attorney for the defendant did not avail himself of the opportunity of requesting the judge to instruct the jury on any phase of the case; gave a negative reply to the inquiry of the judge whether there was anything further which should be added to the brief instructions given; offered no objections to the charges of the court; and ignored the matter in the motion for new trial.

It appears under these circumstances that counsel for appellant has waived other charges which should have been given by the trial court. We fail to find error in the record.

Affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.