194 So.2d 19 (1967)
Sherman GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 7299.
District Court of Appeal of Florida. Second District.
January 20, 1967.
Alfred M. Carvajal, Miami, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
This is an appeal by Sherman Gibson, defendant below, from a Final Judgment entered against him by the Lee County Circuit Court pursuant to a jury verdict convicting him of a crime.
Defendant was accused in a direct information filed against him of committing "the abominable and detestable crime against nature per annus (sic) with one James Scott." Upon trial, the jury found him "guilty of attempt to commit a crime against nature". From the judgment and sentence entered against him upon said verdict, the defendant appeals here and assigns as error the failure of the trial Court "to instruct the jury as to the elements constituting an attempt to commit a crime against nature". This is the only point argued before this Court in defendant's brief.
*20 The record filed here reveals that the trial Judge, in his charge to the jury, after explaining to the jury the substantive charge contained in the information and the various elements of that offense necessary for the State to prove for conviction, proceeded on with the following instruction:
"Necessarily included within this charge are two lesser offenses, and an attempt to commit the crime against nature and an act constituting lewd and lascivious conduct, for it is necessary in a crime against nature that there be some penetration of the male organ into whatever part of the body it is attempted to be injected or introduced. The slightest penetration is sufficient, but some penetration is necessary."
The trial counsel for defendant made no objection to the giving of the foregoing quoted charge, no requested charges were made or filed, no exceptions were made to any of the charges given by the Court, and no motion for new trial was ever filed. Without in any way preserving the point at the trial level, defendant in this Court, through counsel who did not appear at the trial in his behalf, now seeks to raise the propriety of an isolated portion of the Judge's entire charge, without having in any way objected thereto in the trial Court. This cannot be done.
The rule is elementary that in order to properly raise before an appellate Court a point wherein it is contended the trial Judge committed error, such point must be first raised in the lower Court and then properly reserved by established modes of procedure. F.S. Section 918.10, F.S.A. provides:
"918.10 Charge to jury; request for instructions
* * * * * *
"(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
If a defendant expects to take advantage of any omission in the charge as given by the Court, he must submit and file with the trial Court the requested instruction desired, and, if he fails to do so, he cannot later be heard to complain. Roddenberry v. State, Fla. 1942, 152 Fla. 197, 11 So.2d 582, app. dism. 317 U.S. 600, 63 S.Ct. 266, 87 L.Ed. 490; Milton v. State, 1939, 140 Fla. 617, 192 So. 219. See also La Barbara v. State, 1942, 150 Fla. 675, 8 So.2d 662, and Domingo v. State, 1942, 150 Fla. 806, 9 So.2d 195.
The gist of defendant's contention here is that this Court should consider the alleged instruction deficiencies as "fundamental error", such as is contemplated by Rule 3.7(i) Fla.App.Rules, 31 F.S.A. The Florida cases are extremely wary in permitting the fundamental error rule to be the "open sesame" for consideration of alleged trial errors not properly preserved. Instances where the rule has been permitted by the appellate Courts to apply seem to be categorized into three classes of cases: (1) where an involved statute is alleged to be unconstitutional, (2) where the issue reaches down into the very legality of the trial itself to the extent that a verdict could not have been obtained without the assistance of the error alleged, and (3) where a serious question exists as to jurisdiction of the trial Court. See Marinelli v. Weaver, Fla.App. 1966, 187 So.2d 690, a case recently decided by this Court wherein the question was discussed.
It is obvious that none of the foregoing considerations exist here. So the judgment appealed from must be affirmed.
Affirmed.
ALLEN, C.J., and HOBSON, J., concur.