MILLS, Judge.
Ellis was charged with robbery while armed with a firearm. A jury found him guilty of unarmed robbery. Ellis appeals contending the trial court erred in denying his motion to suppress and erred in denying his motion for mistrial.
Ellis moved to suppress his confession. He testified that the State threatened to issue a warrant for the arrest of his wife and to put his children in a shelter unless he signed the confession. He argues that a state witness testified to the use of similar coercion by the State in obtaining a statement from him.
The trial court heard all of the evidence, weighed it, observed the witnesses, adjudged their credibility, and concluded Ellis’ confession was freely and voluntarily given. *497 Von Horn v. State, 334 So.2d 43 (Fla. 3d DCA 1976). The record supports the court’s finding.
During closing argument, the state attorney made the following statement:
“What I urge you to do is, if you believe the testimony — and, again, I believe the State’s testimony is plausible, has proven to you beyond and to the exclusion of a reasonable doubt that Isaiah Ellis is guilty — if you believe that testimony, don’t go back in the jury room and say, ‘Well, Mr. Matthews allowed one man to plead to a lesser included; therefore, we believe the testimony but we are going to let him — we are going to find him guilty of a lesser included offense.’
“Don’t do that ladies and gentlemen. Again, if you don’t like my decision, hold that against me, but there are many factors to go into determining what the State will let a witness plead to, and, as I told you and what I tell you now, some of it includes his background, whether he has been convicted of a crime, and more important — ”
Ellis objected and moved for a mistrial. The court denied the motion for mistrial but sustained the objection and gave the following curative instruction:
“The court will sustain the defendant’s objection to comments of counsel for the state with respect to the factors which the State Attorney considers in determining whether to permit a defendant to plead guilty to a lesser offense and, particularly, the background of the defendant.
“Ladies and gentlemen of the jury, I instruct you that you are not to consider and you are to disregard those comments which the counsel for the state just made to you.”
Ellis argues that the prosecutor’s comment led the jury to believe that there was more serious criminal activity in his background than revealed by the evidence and this prejudiced his right to fair trial. He contends that the state attorney’s remarks were so prejudicial that the curative instruction did not cure the error. We do not agree.
The trial court took prompt and proper action and was in a better position than we to determine the effect of the remarks on the jury as well as the effect of the curative instruction. We fail to see how Ellis was substantially harmed or materially prejudiced. Ellis has failed to demonstrate that the trial court abused its discretion in denying his motion. Perry v. State, 146 Fla. 187, 200 So. 525 (1941).
We affirm the judgment appealed.
McCORD, C. J., and BOYER, J., concur.