■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHEYENNE J. TALBERT, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 4, 1983, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree.

On the night of August 14, 1982, the car in which defendant was riding was stopped by a State trooper for speeding. The driver and another male were seated in the front seat. Defendant and a female were seated in the backseat. The driver's side window could not be rolled down, so the rear driver's side window was rolled down. When the trooper put his head in the

window to ask the driver for his license and registration, he noticed a "wooden stick or club" on the floor of the car. The trooper then placed all of the occupants of the car under arrest for possession of a weapon. They were searched and a quantity of cocaine was found on defendant's person.

Defendant pleaded guilty to attempted possession of a controlled substance in the fourth degree and was sentenced to an indeterminate jail term of one to seven years. He now appeals, contending that the trial court erred in denying his motion to suppress.

Mere possession of a "billy" is a class A misdemeanor (Penal Law, § 265.01, subd [1]). The statute does not define "billy". The People argue that the wooden stick found in the car in which defendant was riding is a billy within the meaning of the statute, and that since all of the occupants of the car were in constructive possession thereof (Penal Law, § 265.15, subd 3), probable cause existed to arrest them for possession of a weapon. The search of defendant would then have been justified as a search incident to a lawful arrest (see *People v Lewis*, 26 NY2d 547). Defendant contends that the wooden stick or club in this case was not a billy. Defendant alternatively argues that, since the statute does not define "billy", it is unconstitutionally vague. Under either analysis, defendant contends that there was not probable cause to arrest him for possession of a weapon, such that the search of him and the seizure of the cocaine was unlawful.

Initially, we turn away defendant's constitutional challenge to the statute. An arrest made in good-faith reliance on a statute, which at the time had not been declared unconstitutional, is valid regardless of a subsequent judicial determination of unconstitutionality if supported by probable cause, and a search incident to such arrest is valid (*Michigan v De Fillippo*, 443 US 31; *People v Pantusco*, 107 AD2d 854).

The remaining issue, i.e., whether the State trooper had probable cause to believe that defendant was in possession of a billy, is more troublesome. The basic thrust of the statute (Penal Law, § 265.01) is in two directions. Certain objects such as firearms (as that term is defined in subdivision 3 of section 265.00 of the Penal Law), electronic dart guns, gravity and switchblade knives, billies, blackjacks and metal knuckles are clearly used unlawfully as weapons and can seldom be used for any legitimate purpose (see *People v Persce*, 204 NY 397, 402). Mere possession of these items is per se unlawful (Penal Law, § 265.01, subd [1]). Other objects such as knives or razors are often used unlawfully as weapons, but also have legitimate

functions. Possession of these objects "or any other dangerous or deadly instrument or weapon" is unlawful only if there is an intent to use the object unlawfully against another (Penal Law, § 265.01, subd [2]).

The problem in the instant case is that the term "billy" is not defined in the statute. A policeman's nightstick or billy club is clearly a billy (see *People v Schoonmaker*, 40 AD2d 1066). However, many other everyday objects, such as wooden sticks and tool handles, can look, in general terms, like a billy and, in criminal hands, can serve the purpose of a billy. It is clear from the statutory scheme that the Legislature did not intend to make mere possession of such objects per se unlawful. In our view, based on the manner in which the statute is set forth, the term "billy" must be strictly interpreted to mean a heavy wooden stick with a handle grip which, from its appearance, is designed to be used to strike an individual and not for other lawful purposes. An object which can be used as a billy but which does not fit the strict definition may still be a prohibited weapon under subdivision (2) of section 265.01 of the Penal Law if there exists the requisite intent to use the object unlawfully against another.

Turning to the instant case, the object is described in the record as a broom handle, 24 to 30 inches in length, with tape wrapped around each end. The fact that the term "billy" must be strictly construed does not mean that only a commercially manufactured nightstick fits the definition. A homemade object, even one fashioned from as innocent an item as a broom, can be a "billy". Here, the object is not available for our inspection. However, the record description indicates that the tape around each end provides a handle grip. Accordingly, we conclude that the trooper did have probable cause to believe that defendant was in possession of a billy, such that the arrest and incident search were lawful.

Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.