OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law *204 and facts, accusatory instrument dismissed and fine, if paid, remitted.
On July 23, 1999, defendant was stopped along State Route 6 in the Town of Wawayanda after members of the New York State Police observed him driving a 1984 Chevrolet with insufficient headlights. A check of defendant’s license and registration disclosed that he failed to notify the New York State Department of Motor Vehicles of a change of his address. While stopped on the side of the road, the officers also observed what appeared to be a billy club handle in plain view sticking out from under the driver’s seat. Defendant was asked to step out of the vehicle, the club was retrieved, and defendant was placed under arrest for criminal possession of a weapon. Subsequent to the arrest, the police searched defendant and recovered a small amount of cocaine from his person.
On appeal, defendant argues that the search of the vehicle was illegal because the alleged billy club was not a weapon. Defendant maintains that the club was a pestle used as a cooking utensil.
While the term “billy” is not defined in the Penal Law, case law states that a “billy” is a “heavy wooden stick with a handle grip which, from its appearance, is designed to be used to strike an individual and not for other lawful purposes” (People v Talbert, 107 AD2d 842, 844; Penal Law § 265.01 [1]). Although the People maintain that the pestle, by its very design, is capable of being used as a weapon, no indication of an illegal use is present. In fact, the pestle was not altered in any manner and clearly is an object which can be used for “lawful purposes.” Further, there was no testimony that defendant intended to use the pestle “unlawfully against another” (Penal Law § 265.01 [2]). Thus, because of the innocuous nature of the object, the police did not have the requisite probable cause to arrest and search defendant, and the drugs seized should have been suppressed. Inasmuch as the People cannot prove their case without the testimony concerning the contraband, the accusatory instrument must be dismissed.
DiPaola, P. J., Floyd and Palella, JJ., concur.