OPINION OF THE COURT
Brian F. DeJoseph, J.
The defendant was charged with disorderly conduct (Penal Law § 240.20 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), stemming from an incident that occurred on May 31, 1987. A nonjury trial was conducted on September 18, 1987.
The People have failed to meet the burden of proof on the charge of disorderly conduct. While the testimony showed that the defendant was involved in some sort of incident on the 400 block of Merriman Avenue, it was unclear if any public disturbance resulted or if the matter was no more than a private disagreement between the defendant and the police.
At the time of the defendant’s arrest, a weapon was found on his person which was received in evidence as exhibit "1”. The People contend that said weapon is a gravity knife as defined in Penal Law § 265.00 (5), mere possession of which violates Penal Law § 265.01 (1). The defense contends that said weapon does not meet the statutory definition of a gravity knife in that said knife cannot become opened, exposed, locked and operational in a single motion. That is, the defense contends that the knife is not instantaneously operational and, thus, not a prohibited gravity knife.
The court has inspected the knife carefully. In its folded position, the knife has a hinge on one end connecting two narrow handles, a locking or safety device on the other end and the blade is concealed between the handles. If the locking device is in place, the knife becomes operational by merely pushing the locking lever, whereby the blade becomes exposed either by the force of gravity or by centrifugal force, and, after the blade is released it is locked into place by pushing a metal lever. Of course, one could elect to carry the knife without the safety lever in position, whereby the blade becomes exposed by the force of gravity or centrifugal force, and is locked into position in the same manner by pushing a metal lever. That type of operation is precisely what is defined in Penal Law § 265.00 (5), and the knife in question is a prohibited gravity knife.
The defense urges that a gravity knife is such a knife which is unlatched, exposed and resecured in a single motion. The *242 Penal Law defines a gravity knife as any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device. (Penal Law § 265.00 [5].) A fair reading of the statute indicates that the Legislature contemplated the additional step of locking the blade into place after its release. The instantaneous and/or automatic operation urged by the defense is more akin to the definition of a switchblade set forth in Penal Law § 265.00 (4). A comparison of the statutory definition of a switchblade and a gravity knife clearly shows that the Legislature did not intend and does not require that a gravity knife operate "automatically”.
The court, therefore, finds the defendant guilty of criminal possession of a weapon in the fourth degree beyond a reasonable doubt. The court has ordered a presentence report and sentencing is hereby adjourned until December 21, 1987 at 2:00 p.m.