Kevin T. Dowd, Esq. Informal Opinion Village Attorney No. 2004-2 Village of Walden 46 Daisy Lane Montgomery, New York 12549
Dear Mr. Dowd:
In your capacity as village attorney for the Village of Walden, you have asked whether the Village would be in violation of State law if it displayed in a museum or gallery knife collections that include switchblade knives that are illegal to possess under the Penal Law. You have indicated that the Village is considering establishing a museum or gallery to commemorate the role the Village has played in the history of knife-manufacturing in this State.[1]
As you are aware, under Penal Law § 265.01(1), a person is guilty of criminal possession of a weapon in the fourth degree, a class A misdemeanor, if he possesses, inter alia, a "gravity knife, switchblade knife, pilum ballistic knife, [or] metal knuckle knife." Under this provision, the mere possession of one of the listed items constitutes a violation of the law. See People v. Talbert, 107 A.D.2d 842, 843 (3d Dep't 1985); People v. Dolson, 140 Misc.2d 240 (City Ct. 1987); cf. Penal Law § 265.01(2) (criminalizing possessi on of any dangerous knife "with intent to use the same unlawfully against another"). These per se illegal knives are specifically defined in the Penal Law. See Penal Law § 265.00(4) through (5-b).
As you noted in your letter, various exemptions to the possession of illegal weapons are set forth in Penal Law § 265.20. With respect to weapons other than firearms, these exemptions include possession by law enforcement, prison and military personnel, id. § 265.20(1)(a)-(e), (2), and the possession of a switchblade or gravity knife while hunting, trapping or fishing pursuant to a valid license, id. § 265.20(6). Although firearms that are otherwise per se illegal to possess (pistols and revolvers) may be possessed by individuals licensed to carry them, see id. § 265.20(3), there are no provisions for the licensing of otherwise illegal knives.
In sum, none of the exemptions in Penal Law § 265.20 covers possession by a local government, municipal agency, or museum for display purposes. Nor are we are aware of any other state law that exempts the possession of per se illegal weapons when displayed for educational, cultural or historical purposes.
While we conclude that the Village and its authorized agents may not lawfully display those knives that are designated as illegal to possess under Penal Law § 265.01(1), we believe the Village could legally display the knives if they are disabled in such a manner as to bring them outside the scope of the applicable Penal Law definitions. See Penal Law §265.00(4) through (5-b) (defining each type of per se illegal knife). That is, the knives should be fully disabled so that they can no longer be used in an illegal manner. For example, because the definitions of switchblade knife and gravity knife define these knives in terms of the mechanisms that cause the blade to open automatically (switchblade) or lock into place (gravity knife), the devices in the knife that cause the blade to spring (or pivot) and lock should be removed. Staff at the New York State Museum, with whom we consulted in response to your inquiry, have agreed to assist you in obtaining additional practical advice on this issue.
The Attorney General issues formal opinions only to officers and departments of State government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions
[1] In the period from the 1890s through the 1950s, the Village was home to three knife manufacturing companies.